Estice *v.* Cockerell.

GLOVER ESTICE *v.* ARCHIBALD COCKERELL.

A witness is competent to testify in a case, unless it can be shown that he is interested in the result of the suit in which he is called to testify, or in the record as an instrument of evidence.

Where a party appears before arbitrators and submits the matter in controversy to them, it is too late for him to say that one of the persons acting as arbitrator, was incompetent to act.

It is no objection that an award made by arbitrators and signed by them, was also signed by a mere stranger.

IN error from the circuit court of Itawamba county; Hon. Hugh R. Miller, judge.

Estice *v.* Cockerell.

This was a suit instituted in the circuit court of Itawamba county, at the April term, 1851, by Cockerell against Estice, for the rent of land, and, before the trial, the case was, by agreement of the parties on a rule of court, submitted to arbitrators who made an award in favor of the plaintiff (Cockerell), and returned their award into court at the next term thereafter. At the same term, Estice filed a petition and entered a motion on the docket to set aside the award, alleging that it was procured by undue means. In support of the motion, M. Pounds, one of the arbitrators, was introduced as a witness, who stated that the award was founded solely on the testimony of Green and Bryant, who, on their *voir dire*, stated before the arbitrators, that they were interested in the subject-matter of the suit, in this, that they were the owners of the land rented, and if it had been rented according to agreement, were to have the notes for the rent taken in their name.

The court below overruled the motion to set aside the award, and defendant (Estice) excepted to the decision and prayed a writ of error to this court.

*A. B. Bullard* for appellant.

An award may be set aside where it is imperfectly executed. 1 Kinne's L. Comp. 60 ; 10 Wend. 589.

An award has the same effect, and no more, than the verdict rendered by a jury. 1 Serg. & Rawl. 208 ; 4 Dal. 120 ; 3 Johns. 368 ; 3 Cain. 266 ; 13 Johns. 311 ; 2 Root, 100.

If a jury had rendered their verdict in the case on incompetent testimony, to which objections were made at the proper time, the court would set aside the verdict on motion, and grant a new trial. There is *no good* reason, then, why appellant should not have a new trial in the case at bar.

The award is void, and should be set aside, because a stranger, who was neither an umpire nor arbitrator, joined in making it. 3 Phil. Ev. 1136, and authorities cited.

*R. O. Beene* for appellee.

The interest to disqualify a witness must be some legal, certain, and immediate interest in the result of the suit, or in the

record as an instrument of evidence. 1 Stark. Ev. 102; 2 Phil. Ev. 91; 6 Wend. 397.

The merits of such an award cannot be inquired into. 5 Cow. 425; 14 Johns. 96; 17 Wend. 410. The court will not set aside an award on account of a mistake of law, or for the arbitrators having incorrectly admitted the evidence of a witness. 1 Price, 81; 9 Bing. 679.

Mr. Justice HANDY delivered the opinion of the court.

The defendant in error sued the plaintiff in error for rent of a tract of land; and the matter was submitted to certain persons, as referees under the statute, with power to select an umpire in case of inability to agree upon their award. The record shows that the four referees named in the submission, and another person, acted in the matter of the arbitration, and all signed the award; but it does not appear that the fifth person was selected in consequence of the inability of the others to agree. It appears that the party contesting the award was present during the time the arbitrators were acting, and that he made no objection to the fifth person acting. When the award was returned to the circuit court, the defendant moved to set it aside, because one of the referees had stated that the award was founded alone on the testimony of two witnesses who testified before the arbitrators, and who stated on their *voir dire*, "that they were interested in the subject-matter of the suit, in this—they held the title to the land mentioned or charged to have been rented—that they were, if the land had been rented according to agreement, to have the rent notes, if any were taken, made payable to them;" and defendant thereupon objected to the admission of the testimony of these witnesses before the arbitrators; but it was admitted. Testimony to this effect was introduced on the motion to set aside the award, but the motion was overruled; and the case is, therefore, brought to this court.

The first objection here urged is, that the testimony of the two witnesses before the referees was inadmissible for interest. It appears that they were interested in the subject-matter of the suit, the land; but they had no disqualifying interest in the

result of the suit. In certain contingencies, to wit, "if the land had been rented according to agreement," and if any notes for the rent had been taken, the notes were to have been made payable to them, they being the owners of the land. But no notes appear to have been taken, and this suit is not founded on any note, but on a parol contract for rent. No interest whatever on their part is shown in the result of this suit; and the objection to the competency of the witnesses was properly overruled.

Another objection made to the award is, that the fifth person, who was neither a referee nor an umpire duly chosen by the arbitrators, joined in the award. It would be a sufficient answer to this objection, that it was not made in the court below, and cannot be entertained here. But, apart from this, the facts of the case preclude the defendant from making the objection. He appeared before the arbitrators, including the fifth person, and submitted the matter in controversy to their decision without objection, and represented his interest therein. After that, it is too late to say that one of the persons, acting as arbitrator under the party's sanction, was incompetent to act. *Underhill* v. *Van Courtlandt,* 2 J. C. R. 339; *Matson* v. *Trower*, 1 Ry. & Mood. 17 (21 Eng. C. L. R. 371); *Rison* v. *Berry*, 4 Rand. 279.

Nor is it any objection that the award was signed by a mere stranger, as it was signed by the four referees duly appointed. It was, therefore, the act of the persons clothed with legal authority, which is not vitiated by the circumstance of an unauthorized person joining in it. *Beck* v. *Sargent*, 4 Taunt. 232; 4 Rand. 275.

The judgment is affirmed.