MISSISSIPPI COTTON OIL COMPANY *v.* BEATRICE W. BUSTER.

1. ARBITRATION AND AWARD. *Notice. Appearance. Code* 1892, § 98.

    Where the parties to an arbitration appeared by counsel at the hearing before the arbitrators, it is immaterial that the record fails to show that they were notified to so appear. (Code 1892, § 98.)

2. SAME. *Informal award. Consent of counsel. Formal award. Time and place of signing. Code* 1892, § 104.

    Where, after a hearing by arbitrators, the parties being represented before them by counsel, their findings were reduced to writing and signed by them at the same time and in the presence of each other, it is competent for the counsel to agree that the award so drawn may be afterward put in proper form, and in such case it is no objection to the formal award that it was not signed by the arbitrators at the same time and place. (Code 1892, § 104.)

3. SAME. *Umpire acting with arbitrators. Waiver of objection.*

    An objection to an award, predicated of the fact that the umpire who was to be called upon to act only in case of a disagreement between the arbitrators selected by the parties, was sworn and acted with the arbitrators from the beginning, is waived if the parties are present at the hearing and do not object to such procedure.

4. SAME. *Impeachment of award. Evidence. Arbitrator incompetent witness.*

    It is not competent to impeach an award by the testimony of an arbitrator who executed the same.

FROM the circuit court of Yazoo county.

HON. D. M. MILLER, Judge.

Mrs. Buster, appellee, was plaintiff; and the Cotton Oil Company, appellant, defendant in the court below. The proceeding was an application to the court, under Code 1892, § 105, to confirm an award. The formal award showed on its face that the parties appeared by counsel before the arbitors, but the

original one, quoted in the opinion of the court did not so show. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The facts sufficiently appear from the opinion of the court.

*T. H. Campbell,* and *Henry & Barbour,* for appellant.

It was improper for the umpire, Lacey, to sit with the arbitrators until they had made an earnest, honest and faithful effort to agree on an award. If they failed to settle on the award the umpire alone should have rendered his finding without consultation or assistance from the original arbitrators. 2 Am. & Eng. Ency. Law (2d ed.), 711; *Haven* v. *Winnismell,* 11 Allan. (Mass.), 377. It will not do to say that Landau, counsel for the appellant, consented to the course of procedure adopted in the case. He may have consented for the umpire, Lacey, to hear the testimony taken before the arbitrators; but he did not consent in any way to the umpire participating in the discussion of the case by and between the arbitrators in the manner in which he did. Under the agreement with Landau, Lacey should have retired after the testimony had been taken, and Hollinsworth and Crane alone should have wrestled as best they could with the matter and Landau should not have been called upon to pass judgment until disagreement arose between the original arbitrators, and Lacey should have been permitted to have exercised an independent judgment without suggestions from Hollinsworth and Crane. In this case it is manifest that Hollinsworth practically injected his own conclusions into the minds of Crane and Lacey. The original signed as an award was a complete and perfect common law award, aside from the fact that it was vitiated by the course of procedure above condemned. It could have been enforced but for that course of procedure by a suit at law, although it could not have been enforced under the statute.

In this case the court did not enforce this original finding, but enforced what is called the formal award which was written

by Barnett and which was signed by the two arbitrators and by the umpire at separate times and at separate places. This last so-called formal award is and was void. 2 Am. & Eng. Ency. Law (2d. ed.), 731. It is uniformly held that where there are several arbitrators, it is essential that they each sign the award at the same time and in the presence of each other. *Moore* v. *Ewing*, 1 N. J. Law, 167; 39 Mich., 39; 10 Mich., 237. Arbitrators constitute a court. An agreement on an award to be afterwards signed up is not binding on the arbitrators. *Edmondson* v. *Wilson* (Ala.), 19 So. Rep., 367. The statement of Landay to Crane that Barnett might put the finding of the arbitrators in shape did not authorize the separate signing of the instrument drawn by Barnett at various times not in the presence of each other. Certainly Landau's consent that an award might be put in form cannot be construed to supply deficiencies in the record. Landau never consented in any way to the recital in the so-called formal award that the parties appeared by counsel.

*Barnett & Perrin,* for appellee.

The objection is that the arbitrators did not sign in the presence of each other, not that the decision was not reached by the arbitrators at one and the same time in the presence of each other. The evidence shows that the decision was not only reached in the presence of all the arbitrators, but reduced to writing and signed by each arbitrator, before separation.

The mere signing of the award does not require the exercise of judgment or judicial discretion, and if what is signed does not vary from the conclusion reached, the signing of the arbitrators in the presence of each other is not necessary. 3 Cyc., 668; *Steer* v. *Brownell,* 113 Ill., 415; *Blodgett* v. *Frederick,* 7 Cush. (Mass.), 247; *Little* v. *Newton,* 9 Dowl. P. C., 437 (5 Jur., 246; 10 L. J. P. C., 88; 2 M. & G., 351; 2 Scott N. R., 159; 40 C. E. L., 637); *Goodman* v. *Sears,* 2 Jac. & W.,

249 (22 Rev. Rep., 112); *Williams* v. *Squaire,* 10 U. C. Q. B., 24.

The case of *Moore* v. *Ewing,* 1 N. J. Law, 167, is not opposed to these cases; the instrument signed separately as an award in that case required "reflection, deliberation and judgment and should have been approved jointly." The case of *Daniel* v. *Ripley,* 10 Mich., 237, cites *Moore* v. *Ewing* to support it.

It matters not, however, in this case, which line of authorities is followed. The award is good under either.

The reasons given in *Daniels* v. *Ripley, supra,* for the necessity of all the arbitrators to be present when the award is executed are, first, that "The award is the joint judicial act of all, at which all who sign it must be present to give their joint assent and second, that an agreement on the terms of an award to be afterwards drawn up and signed, is not binding on the arbitrators, who may at any time thereafter, before it has been signed by them, modify or change it to supply an omission, correct a mistake, or make it conform to any change of opinion that may have taken place on further or more mature consideration."

Now, in this case the arbitrators, after they have reached a decision before their separation, and in the presence of each other, reduced this decision to writing and signed it. They then separated, after being instructed, however, by the attorney for the appellant, to see Barnett and have him put the award in legal form. With this understanding the arbitrators separated. After their separation no change could have been made by the arbitrators in their decision. So far as the substance of the award went it became final upon the separation of the arbitrators. There was, then, a joint judicial act of all the arbitrators, and no change in the award proper could be made after the separation. The appellant by no subsequent act was deprived of any legal rights. The fact that the award was signed by the arbitrators separately, after it had been put in legal form

by direction of counsel for appellant does not make it come within the condemnation of these authorities.

The objection that "The umpire, Lacey, was called in before the hearing of the case and before the disagreement of the arbitrators chosen by the parties and participated in the deliberation before the disagreement of the arbitrators," is without merit.

Lacey was called in before the hearing of the case under an agreement entered into by counsel for both parties and this was done, as the record further shows, to enable Lacey to hear the testimony so that he might be prepared to act if called on by the other arbitrators.

Certainly this procedure is not objectionable, no one could be harmed by it. If there was a departure from the submission, no objection was made but consent was given. 3 Cyc., 556, and cases cited in note 16; *Stevens* v. *Brown,* 82 N. C., 462; *Bryan* v. *Jeffreys,* 104 N. C., 242.

It will be insisted in support of this objection that the original finding is the award, and not the paper propounded as such.

A comparison of the paper propounded as the award and the original finding will show that no change in the decision was made. There is a change of verbiage, but otherwise the two writings, in this respect, are identical. The original finding was defective as an award in one particular, it did not recite that the parties appeared before the arbitrators, as is required by § 104 of the Code of 1892. The recital in the award propounded are statements of fact which are not controverted. The instruction to put award in legal form justified not only the preparation of the paper propounded as the award but justified the arbitrators in signing the same and treating it as their award. Appellant is estopped to say otherwise.

CALHOON, J., delivered the opinion of the court.

The oil company and Mrs. Buster had a controversy about their dealings, and agreed, in writing, to submit it to arbitra-

tion, on the basis that "each party may select one arbitrator, and, in case said arbitrators cannot agree upon a decision, these said arbitrators may select a third person to act as umpire, and a decision, either by said arbitrators or by one of said arbitrators and said umpire, when so selected, shall be final and binding upon both parties." This instrument contained, also, a provision that the circuit court of the county should render judgment if the award should not be paid in thirty days. Accordingly the oil company selected E. S. Crane, and Mrs. Buster selected J. C. Hollingsworth, as arbitrators. These two, in order to save two hearings, agreed upon J. H. Lacey to be umpire if they should disagree, and all three were sworn in together, and all three sat together and heard the evidence pro and con; and all three signed the award as arbitrators, in the presence of each other, at the conclusion of the hearing. At this hearing both parties were present by attorneys, and, since they appeared, there is nothing in the idea that there was no notice served on them of the time and the place of the hearing. (Code 1892, § 98.) In fact, there was a full hearing in the presence of the parties, and the award was then and there written out and signed by the arbitrators in the presence of each other. It is in these words: "Yazoo City, Miss., July 1, 1903. We, the arbitrators in the case of B. W. Buster & Mississippi Cotton Oil Co., submitted to us for settlement, find that the Mississippi Cotton Oil Co. shall pay to B. W. Buster fifteen hundred and two and 50-100ths dollars, and shall credit the account on their books to J. W. Buster three hundred and twenty-three and 10-100ths dollars in full for the account in question. Total allowance $1,825.60. [Signed] J. C. Hollingsworth, E. S. Crane, J. H. Lacey."

It will be noted that this award does not, on its face, show that the parties appeared. But certain it is that the cotton oil company was represented throughout the hearing by Mr. Landau, of the firm of Smith, Hirsh & Landau; and he, with full knowledge of the actual award, directed the arbitrators

to hand it to D. R. Barnett, Esq., the next day, to be put by him in form. This was done, the award put in proper form, again signed by the arbitrators, though on separate days, as each could be found, and Messrs. Smith, Hirsh & Landau duly informed. This firm made no objection, and do not appear in the attack made on the award, though furnished with a duplicate. This was enough. Mr. Landau, while he could not have agreed to a change in the number of arbitrators, as held in *Jenkins v. Gillespie,* 10 Smed. & M., 31 (48 Am. Dec., 732), had full power as attorney of the oil company, to direct that the award be put in proper form, with the substance of it unchanged. It is immaterial that it was not signed at the same time and place. *Steere* v. *Brownell,* 113 Ill., 415 (3 Cyc., 668).

We decline to sustain the contention that the award was void because the umpire was sworn with the arbitrators and sat with them during the taking of the testimony. The time to make that point was at that hearing, and the umpire took no part until called in by the arbitrators, when they failed to agree; and, if he had done so, there was no objection. *Estice* v. *Cockerell,* 26 Miss., 130.

We do not find in this record any evidence establishing any fraud, partiality, or unfairness. It was proper to refuse a question to an arbitrator in impeachment of his award.

*Affirmed.*