The STATE, on the relation of DEAN BLANCHARD, Plaintiff in Error, *v.* THOMAS H. SMITH, Defendant in Error.

*Error to Columbia.*

1. Under the statute, a county clerk has not only ministerial, but quasi-judicial powers and duties.
2. The appointment by him of a deputy, clothed with such powers, &c., must be expressly authorized by statute.

THIS action was brought in the court below to oust the defendant in error from the office of clerk of Columbia County, held, as he claims, by virtue of an election to said office on the —— day of June, A. D. 1859. The plaintiff claims under the election of June, 1858; and at the time of the alleged usurpation of the defendant, his term of office had not expired.

There was a trial, and verdict for the defendant.

*Kelly*, for plaintiff in error.

*Page*, for defendant in error.

STRATTON, J. This cause is here upon exceptions taken at the trial to the charge of the court. Several questions are raised in the record, but as one, and really the only one relied upon by the plaintiff will decide the matter in controversy, that alone may be considered.

It was not seriously contended that Blanchard was always so present at his office, and ready to discharge his duties in person, as to save it from being declared vacant by the proper authorities; but it is alleged that he had a legally appointed deputy. The court was asked to instruct the jury, that "Dean Blanchard, the clerk, being a ministerial officer, had power to appoint a deputy, and the acts of the deputy are valid." This instruction the court refused to give, which refusal was

excepted to, and is now assigned as error. Can a county clerk, under the Statutes of Oregon, appoint a deputy? At common law it is not doubted that an officer, whose duties are purely ministerial, could appoint a deputy; but it is conceived that county clerks, under the statutes of this State, are clothed with powers and duties not only ministerial, but quasi-judicial—such as administering oaths, taking depositions, acknowledging deeds, &c. To delegate such powers he must be expressly authorized by statute. It is enough to say that there is no such express power conferred by law upon our county clerks.

Judgment is affirmed.