Argued September 28, decided October 10, 1911.

## DOWD *v.* AMERICAN SURETY COMPANY.

[118 Pac. 198.]

PLEADING—CROSS-COMPLAINT IN EQUITY—DEMURRER.

1. A demurrer to a cross-complaint which sets up the defenses of the answer in the action at law, and which asks that defendant be subrogated to any rights that a third person may have, but, which does not allege that the latter has any rights, is properly sustained.

PRINCIPAL AND SURETY—OBLIGATION OF SURETY—RELEASE.

2. A corporation sued to condemn a right of way, and executed an undertaking conditioned on the payment of all compensation that might be awarded the owner. Thereafter the corporation and the owner submitted the question of compensation to arbitrators, and agreed that, on their award being filed in court, the owner might enter judgment. No judgment was entered. *Held,* that the submission if treated as a submission in the action, was without effect to create a liability against the surety until the entry of judgment, while the submission, if treated as a common-law arbitration, was not binding on the surety because the jurisdiction of the court was ousted, and the agreement to submit to arbitration operated as a discontinuance of the action and released the surety.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by James Dowd, Executor and Kate Dowd, Executrix of the last will and testament of James Dowd, deceased, against the American Surety Company of New York.

The complaint alleges: That James Barry died on September 10, 1908. That plaintiffs are his executors. That in 1906 the Pence Company a corporation, began an action to condemn a right of way for a ditch, flume, or canal across the land of Barry, and, desiring to commence the immediate construction of the ditch, made and executed an undertaking with defendant as surety, the body of which, after stating the title of the action, is as follows:

"Whereas, the above named plaintiff has brought an action in the above-entitled court against the defendant for the purpose of condemning a right of way for its use in the construction of a ditch, flume, or canal across and over the lands of the said defendant; and, whereas, the plaintiff desires to commence the immediate construction, operation, and maintenance of its proposed ditch, flume, or canal and build the same at an early date, which is necessary for its use for the coming season: Now, therefore, the plaintiff herein, as principal, and the American Surety Company of New York, as surety, are hereby bound unto the defendant, his heirs and assigns, conditioned for the payment of any and all damages and compensation that may be awarded to the defendant in the above-entitled action and to which the said plaintiff and the said surety hereby bind themselves, their heirs, executors, and administrators, firmly by these presents. In witness whereof we have hereunto set our hands and seals this 29th day of December, 1906."

That the undertaking was served on Barry on January 5, 1907. That immediately thereafter the Pence Company took possession of the land necessary for the construction of the ditch, which it constructed across

the land. That Barry filed his answer to the complaint of the Pence Company in which he claimed $——— damages for taking the land. That thereafter, in June, 1907, the parties to the action, through their attorneys of record, entered into an agreement of arbitration, which is as follows:

"In the Circuit Court of the State of Oregon, for Multnomah County. The Pence Company, Plaintiff, v. James Barry, Defendant. Whereas, the plaintiff has instituted proceedings against the defendant to condemn a certain tract of land belonging to the defendant situated in Multnomah County, Oregon, and, particularly described in the complaint herein, to which reference is hereby made as a part hereof, said condemnation to be for the use and occupation of said land for the purpose of constructing thereon a ditch, flume or canal; and Whereas, the parties are desirous of submitting the question of the value of said land and the damages to the remaining portions of defendant's property affected by the construction of said ditch, flume, or canal to a board of arbitration: Now, therefore, it is agreed by and between the parties hereto, acting by and through their respective attorneys of record, as follows, to wit: (1) That, for the purposes of this agreement, the plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Oregon, and, among other things, the object and purposes for which said corporation was organized and which it proposes to engage in were to divert and appropriate water from lakes, rivers and streams, conveying the same in reservoirs, and to use the same for domestic purposes, sluicing, irrigation, and developing electric power. (2) That the defendant is the owner in fee simple and in possession of the southwest quarter of section 30, township 2 north, range 1 west, of the Willamette meridian, Multnomah County, State of Oregon. (3) That the plaintiff has done every and all things necessary under the laws of the State of Oregon to acquire the right to appropriate water to its use in order to carry into effect the object and purposes of its formation as a corporation, and it is necessary to conduct water by means of

ditches, flumes, and canals over and across the lands
of the defendant.    (4) That the said ditch, canal or
flume is now constructed upon the lands of the defend-
ant, and that the land actually taken is as described in
paragraph 4 of the complaint herein, to which refer-
ence is hereby made for a particular description thereof.
(5) That the plaintiff and defendant have not been able
to agree upon  the value of the right of way as shown
in the complaint and which is necessary for the use of
plaintiff, nor have plaintiff and defendant been able to
agree upon the damages sustained by defendant, aside
from the amount of land actually taken by the plaintiff.
(6) That, in order to determine and fix the damages
sustained by defendant on account of the taking of
the land described in the complaint and the damages
sustained by the defendant on account of the construc-
tion of said ditch, canal or flume, it is agreed that the
same shall be submitted to a board of arbitration com-
posed of three persons, one of said persons to be chosen
by the plaintiff, another by defendant, and the third
by the two persons so chosen as aforesaid by plaintiff
and defendant, and that said three persons shall pro-
ceed to view said premises and said ditch, canal, or
flume, determine the damages sustained by the defend-
ant on account of the taking of said land and the con-
struction of said canal, ditch or flume, without the tak-
ing of testimony or the argument or assistance of coun-
sel, except as the same may be requested by said board
of arbitration, and said finding of said board of arbi-
tration or a majority thereof shall be final as to said
damages sustained by defendant. And it is further agreed
that the selection of said three persons shall be con-
cluded by Saturday, the 8th day of June, 1907, and, in
case said three persons are not chosen on or before
said last-mentioned date, this agreement shall be null
and void and of no force or effect.   And it is futher
agreed that an award of said board of arbitration or
a majority thereof shall be made on or before Wednes-
day, the 12th day of June, 1907, and that the same
shall be immediately filed with the clerk of the above-
entitled court, and, when so filed, it is agreed by the
parties hereto that the defendant may take judgment

against the plaintiff for the amount of said award, and said judgment may be entered upon the records of this cause as any other judgment rendered upon the verdict of a jury or the findings of the court, and the same as if said cause had been tried by the court and jury, and shall be final and binding upon the parties hereto as any other judgment rendered in this cause upon all of the matters referred to herein and in said complaint."

That, pursuant to the agreement of arbitration, the Pence Company chose one arbitrator, Barry chose the second, and these two met and chose a third, who, after consideration, filed in the action an award in the amount of $3,425. That since the filing of the award the company has been dissolved by proclamation of the Governor and is wholly insolvent, and has no assets nor property. That, upon the death of Barry, plaintiffs were substituted as defendants in the condemnation proceedings. A demurrer to this complaint was overruled, and defendant filed an answer which substantially admits the agreement of arbitration, the return and filing of the award, and the insolvency and dissolution of the Pence Company, and sets up that defendant had no knowledge or notice of the arbitration, nor of the meeting of the arbitrators, nor of the filing of the award, and did not consent to such proceedings in any way. The answer further alleges that James Barry died on September 10, 1907; that his heirs at law were not substituted as defendants within one year from that date nor have they ever been substituted; that after Barry's death an alleged award of arbitration was filed in the circuit court, but no judgment was taken against the owners of the real property, testing the occupation and right to possession of the property in the Pence Company. At the time of filing the foregoing answer, the defendant also filed in the action a cross-complaint in equity, setting up substantially the same facts that appear in its answer at law, and claiming the privilege of

being subrogated to any rights the Pence Company might have in the ditch across the land of Barry. Plaintiff demurred to the answer in the action at law and also to the cross-complaint in equity on the ground that the answer did not state facts sufficient to constitute a defense, and that the cross-complaint did not state facts sufficient to justify any equitable relief. Both demurrers were sustained. Judgment was rendered in favor of plaintiffs for the amount prayed for in the complaint. Defendant appeals. REVERSED.

For appellant there was a brief over the names of *Messrs. Kollock & Zollinger* with an oral argument by *Mr. M. A. Zollinger.*

For respondent there was a brief over the names of *Messrs. Cake & Cake* with an oral argument by *Mr. John T. McKee.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The demurrer to the defendant's cross-complaint was properly sustained. Every legitimate defense therein urged had been set up in its answer in the law action and the cross-complaint set up no equity. It asks to be subrogated to any rights that the Pence Company have in the land, but does not allege that it has any such rights, and, in fact, contends that it has not acquired any.

2. The court erred in sustaining the demurrer to defendant's answer. The submission being made in an action pending and being for the purpose of ascertaining a particular fact, namely, the amount of damages, the rights obtained under it could be no greater than stipulated in the agreement of submission. By that agreement the award was to be filed in the court, and the court was then to enter judgment upon it. When this judgment was entered the award was complete. The defendant

had his remedy by execution only when the judgment was entered pursuant to the stipulation. Here it is alleged in the answer that no judgment was ever rendered. The intent and purpose of the submission went no further than to substitute the decision of the arbitrators for the verdict of the jury and to dispense with the calling of witnesses.

If we treat this as a submission in an action pending, then, before it can have the effect to create a liability against the plaintiff, there must be a judgment of the court in accordance with the stipulation. If, on the other hand, we treat it as a common-law arbitration, to have effect irrespective of any action of the court, then the jurisdiction of the court was ousted and the agreement effected a discontinuance of the action and released the surety from any obligation on its undertaking given therein. 3 Cyc. 605, and cases there cited. The agreement by its terms required a judgment of the court before the award should become complete. These considerations render it unnecessary to discuss the other questions so ably argued by the respective counsel.

The judgment will be reversed and the cause remanded, with directions to overrule the demurrer to defendant's answer.                                        REVERSED.