Argued March 15, affirmed March 27, 1917.

## GERDETZ v. CENTRAL OREGON IRR. CO.*

(163 Pac. 980.)

**Arbitration and Award—Conclusiveness of Determination.**

1. There being no limitation in the arbitration agreement on the powers of the arbitrators, but it being agreed their decision on the law and facts shall be final, their determination cannot be disturbed, except for dishonesty or mistakes under the principles adopted by them.

    [As to causes for impeaching award by arbitrators, see note in 14 Am. Dec. 754.]

**Arbitration and Award—Decision According to Law.**

2. As arbitrators not restricted by the arbitration agreement are not bound by the strict rules of law, but may decide according to the substantial equities of the parties, though both have broken their contract, they in so doing carry out their intention to decide according to law.

From Multnomah: WILLIAM N. GATENS, Judge.

L. F. Gerdetz instituted this suit against the Central Oregon Irrigation Company, a corporation, to set

——————
*On the question of annulling award of arbiters, see note in 47 L. R. A. (N. S.) 445.                    REPORTER.

aside a decision of arbitrators and from an adverse decree, plaintiff appeals.           Affirmed.

Department 1.    Statement by Mr. Justice Burnett.

The plaintiff contracted with the defendant to construct for the latter in the Deschutes River a dam and conduit therefrom. Disputes arose between the parties and the plaintiff, claiming the right to do so on account of breaches of the agreement committed by the defendant, abandoned the work before the project was completed. He began an action in the Circuit Court of Multnomah County to recover from the defendant an amount which he alleged to be due him under the contract. The company also brought an action against him for an amount coming to it from him on the same contract. Without either party having answered in either action, they entered into an arbitration agreement, reciting the history of the dispute substantially as here set forth, in which they agreed as follows:

"Now Therefore, in consideration thereof and to avoid litigation and effect a speedy settlement of said matters between the parties hereto, it is hereby mutually agreed by and between the Central Oregon Irrigation Company, and L. F. Gerdetz, that the matters in dispute shall be and hereby are submitted to John B. Cleland, E. E. Lytle, and William S. Turner, all of Portland, Oregon, as a Board of Arbitrators, to hear the testimony of the respective parties and their witnesses, and such material documentary evidence as the respective parties may produce. All witnesses to be sworn by some person authorized to administer an oath, and be subject to cross-examination by opposing counsel.

"That said arbitrators shall decide all questions coming before them by a majority vote, except legal questions, which shall be decided by the said John B. Cleland, whose decisions upon the legal questions shall

be final, and the decision of the arbitrators upon all questions of fact shall be final between the parties hereto, their successors and assigns.''

By other provisions each party bound itself to accept and abide by the award of the majority of the arbitrators and to pay each to the other the amount found due, authorizing the entry of judgment by the Circuit Court on production of a copy of the award. After hearing the evidence and considering the matter the arbitrators made an award against the plaintiff in the sum of $6,095.04, and assessed reporter's fees, arbitrator's fees and other expenses so that the total allowance against him was $8,353.39. This suit was instituted to set aside the decision. The plaintiff claims that the conclusion of the arbitrators was contrary both to the facts and the law in that it deprived the plaintiff of any compensation for his services under the contract and further penalized him in the amount of the allowance; that it is inconsistent with any known rule of law or equity because the arbitrators credited him with $12,373.62, for delinquencies and breaches of the contract on the part of the defendant, his legal deduction therefrom being that having broken the contract itself the company is not entitled to recover anything for a breach thereof by him. Various other specifications are made charging that the arbitrators left out of their calculations many items in plaintiff's favor and arbitrarily cut down the actual cost of other expenditures and labor performed by him. The complaint is challenged in material particulars by the answer which sets up the history of the litigation and the arbitration agreement, together with the decision thereon. The reply having traversed the allegations of the answer, except as stated in the complaint, the matter was referred to a referee who reported in

favor of confirming the conclusion reached by the arbitrators. A decree having been entered accordingly the plaintiff appeals.                    Affirmed.

For appellant there was a brief and an oral argument by *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Mr. John H. Hall* and *Mr. Jesse Stearns,* with an oral argument by *Mr. Hall.*

Mr. Justice Burnett delivered the opinion of the court.

It is important to note the extent of the submission. By that document the parties stipulated:

"That said arbitrators shall decide all questions coming before them by a majority vote, except legal questions, which shall be decided by the said John B. Cleland, whose decisions upon the legal questions shall be final, and the decision of the arbitrators upon all questions of fact shall be final between the parties hereto, their successors and assigns."

We note that no restriction is placed upon the arbitrators in any degree within their respective provinces. No reservation is made for reviewing any decision of law or fact. The case is not like many of those cited in the plaintiff's brief where the arbitrators were required to determine questions of law according to legal rules and the decisions of the courts on identical matters. Neither is it like other instances where the statute requires the award to be made agreeable to certain precepts or in pursuance of an order or rule of court where the award must be subject to the approval of the tribunal making the order. In the instant case the unrestricted terms of the submission

differentiate it from all such precedents.    It is said in 5 C. J. 183:

"In the absence of a special requirement the arbitrators are not bound to decide according to law, and, therefore, in such case, a mistaken construction of the law has been held not sufficient ground of avoidance of an award except it is made clearly to appear that the arbitrators intended to decide according to law, or unless it is shown that the misconstruction of law is so perverse as to work manifest injustice.    In case the submission is in general terms, however different the judgment of the arbitrators may be upon the law of the case from the opinion entertained by the court, if the arbitrators have acted honestly, the award will not be set aside."

In *Smith* v. *Boston & Maine R. R. Co.,* 16 Gray (Mass.), 521, 529, we read:

"For aught that appears, this board of arbitrators intended to make an award based upon their own views of the law and facts of the case, irrespectively of the law of the books.    That they had under this submission a right to do so is unquestionable."

In *Snohomish County School Dist.* v. *Sage,* 13 Wash. 352 (43 Pac. 341), the syllabus reads:

"As to matters of law, arbitrators are not bound in all cases to follow the strict rules of law governing courts, unless restricted by the agreement to submit, but may decide in accordance with their views of the equitable rights of the parties."

Again in *Johnson* v. *Noble,* 13 N. H. 286 (38 Am. Dec. 485), the rule is announced thus according to the head note:

"If, under an unlimited submission, referees, intending to assume the whole responsibility of determining the law, without referring the same to the court, decide differently from what the court would, on a point of law, nevertheless the award will be regarded as au-

thorized and conclusive, and will not be set aside for that cause.''

In *Brown* v. *Green*, 7 Conn. 536, we find that:

''Where an award is within the submission, a court of chancery will not set it aside, except for partiality and corruption in the arbitrators, mistakes on their own principles, or fraud and misbehavior in the parties.''

The arbitrators were not restricted in their consideration of the case to the pleadings in either of the actions commenced by the respective parties. The agreement to arbitrate constitutes the sole limitation upon their powers. Each party in the several actions was claiming the right to recover money from the other. Each imputed to his adversary infractions of the contract in question. Which broke his covenant first we know not. It may be that both were to blame. Without limiting the authority of the referees they submitted their disputes to them empowering them to decide all questions coming before them by a majority vote, except legal questions, which they left to the final decision of one of the three. It is not made to appear that the arbitrators failed to examine and determine upon the various charges in his favor which plaintiff claims were left out of the calculation. For aught that the pleading discloses all these items were considered, albeit adversely to the contention of the plaintiff. No actual fraud is imputed to the umpires, but the substance of the complaint is only that they decided against the plaintiff.

2. There was some question in the testimony about a mistake in computation appearing on the face of one of the sheets attached to the award itself, but this is not included in the complaint as a ground of attack upon the award, neither is it assigned as error on

appeal. Besides this the united testimony of the members of the board is substantially to the effect that they gave attention to the item, that for 5,055 cubic yards of riprap at eighty-four cents and allowed $3,192.06 for it, notwithstanding the apparent rate noted. It seems, therefore, that they decided on that charge as they in fact intended and this being true, their finding on that point must be respected on the merits without reference to whether it was attacked in the pleadings. Practically the entire argument in the brief of the plaintiff was devoted to the contention that having allowed the plaintiff upwards of $12,000 as compensation for infractions of the contract by the defendant, it was plain as a matter of law that the latter had broken the covenant and could recover nothing on its part. Based on this the plaintiff would draw the conclusion that the arbitrators were in error as a legal deduction in allowing anything to the defendant. He contends also that the arbitrator to whom the decision of the law was committed, having stated as a witness that he intended to decide according to the law, the court is bound to set aside the award because it would conflict with a rule that would be followed by the court in refusing to allow a delinquent party to recover for the breach of a contract. The precedents are numerous, however, that arbitrators are not bound by the strict rules of law, but may decide according to the substantial equities of the parties, both of whom possibly may be in default under strict rulings on legal questions. There is ample ground, therefore, to say that the legal referee was within the precedents in ignoring the strict letter of the law and predicating his conclusion on the real equity existing between the parties and thus carried out his intention to decide according to the law. In

other words, his disregard of the strict rules of law is justified by the authorities so that his determination was in truth according to the law. In brief, the parties choosing to ignore the ordinary judicial procedure, have selected a tribunal of their own, agreeing irrevocably to abide by its decision both on the law and the facts. Having so stipulated we can but enforce their agreement with its results however harsh it may seem to either party. We are compelled to affirm the decree of the Circuit Court sustaining the award.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.