Argued February 18, reversed March 16, 1926.

## TOM MAROULAS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (244 Pac. 317.)

**Constitutional Law.**

1. Officer clothed with judicial or *quasi*-judicial power cannot delegate that function.

**Master and Servant—State Industrial Accident Commission After Appeal Ceases to have Jurisdiction Over Controversy and Becomes Party.**

2. When appeal is taken from decision of State Industrial Accident Commission to Circuit Court, Commission ceases to have further jurisdiction over controversy, becoming merely a litigant bound by judgment of court.

**Attorney and Client.**

3. Attorney has authority to submit a pending case. for arbitration.

**Master and Servant—Submission of Controversy as to Employee's Injury to Arbitration, After Appeal from Industrial Commission, Held Proper.**

4. Where only issue is extent of employee's injury, submission of controversy to arbitration of three disinterested physicians, after

1. See 6 R. C. L. 172.
3. See 2 R. C. L. 991.

appeal from decision of State Industrial Accident Commission, was proper.

**Arbitration and Award.**

5.   Public corporations have power to submit controverted questions for arbitration.

**Master and Servant—Claim Pending Before Industrial Commission cannot be Submitted to Arbitration, But may be Submitted After Appeal Without Delegation of Functions.**

6.   Claim pending before State Industrial Accident Commission cannot be submitted to arbitration, but after appeal from award of Commission it is not a delegation of its functions to submit matter to arbitration, since Commission is then only an ordinary litigant, and hence it was error for Circuit Court to reject evidence of submission of matter to arbitration after appeal.

**Master and Servant—Employee Requesting Arbitration After Appeal from Commission cannot Repudiate Agreement as Unauthorized.**

7.   Employee requesting submission of claim to arbitration after appeal from award of State Industrial Accident Commission cannot thereafter repudiate his agreement on ground that Commission had no authority to make it.

Attorney and Client, 6 **C. J.,** p. 651, n. 7.
Constitutional Law, 12 **C. J.,** p. 897, n. 60.
Counties, 15 **C. J.,** p. 513, n. 79.
Workmen's Compensation Acts, **C. J.,** p. 110, **n.** 27 New, p. 120, n. 15 New.

From Multnomah: Louis P. Hewitt, Judge.

Department 1.

This appeal is taken by the State Industrial Accident Commission from the judgment rendered in favor of the plaintiff and against the defendants awarding the plaintiff additional compensation. The principal assignment of error is based upon the refusal of the court to receive as evidence the award of a board of arbitration. After the appeal was taken from the final decision of the Commission on the application for additional compensation to the Circuit Court, the parties, upon the solicitation of the attorney for plaintiff, submitted the matter in controversy to a board of arbitration, consisting of three physicians.

5.   See 2 **R. C. L.** 356.

The arbitrators sustained the decision of the Commission. Thereupon the plaintiff dismissed his attorney, selected another attorney, and refused to abide by the award. The plaintiff, who is respondent here, in his brief states:

"The only question before this court is as to whether or not the Industrial Accident Commissions have the right to delegate their authority to a board of arbitrators, composed of three physicians, for the purpose of settling claims which are legally before said Commission."                                            REVERSED.

For appellants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief and oral argument by *Mr. L. A. Wells.*

COSHOW, J.—1. If plaintiff's statement of the issue before this court is correct, there would be no room for controversy. It is elementary law that an officer clothed with judicial or *quasi*-judicial power cannot delegate that function: 15 C. J. 513, § 183, *State* v. *Smith,* 1 Or. 250; *Moore* v. *Wilson,* 84 Kan. 745 (115 Pac. 548).

2, 3. We do not think that the statement of the issue here as placed by plaintiff and quoted above is correct. When an appeal has been taken from the decision of the State Industrial Accident Commission, it ceases to be clothed with discretion in the matter of the claim and becomes an actor: *Butterfield* v. *State Industrial Acc. Com.,* 111 Or. 149 (223 Pac. 941, 226 Pac. 216). The matter in controversy has been removed from the Commission to court.

When the jurisdiction of the court has attached, the Commission has no more control over the controversy than has any other litigant in court. By the statute the Commission is bound to abide by the judgment and order of the court. It is settled law that an attorney has authority to submit a pending case for arbitration: Morse, Arbitration and Award, 15; 2 R. C. L. 991, § 70, p. 357, note 17; 6 C. J. 650, § 158.

The Circuit Court properly denied the motion to dismiss the appeal: *Holst* v. *State Industrial Acc. Com., ante,* p. 370 (244 Pac. 319).

4, 5. The only question involved in the claim of plaintiff is the extent of his injury. This matter would be determined largely by medical expert testimony. The claimant made the offer to arbitrate to the Commission and his offer was accepted. He proposed to submit the matter to three disinterested physicians of Portland. This was all done after he had appealed to and his case was pending in the Circuit Court. Thereupon the Commission submitted to him the names of six physicians of high professional standing from which he selected the three who made the award. This seems to us to have been an appropriate, fair and inexpensive way of adjusting the controversy.

Other public corporations have the power to submit controverted questions for arbitration: *Johnson* v. *Prineville,* 100 Or. 105, 117 (196 Pac. 817).

"A municipal corporation, unless restricted by its charter, has the power to submit any controversy to arbitration, and the legislative body thereof has implied power to bind the corporation by such a submission. This is said to be a necessary incident to its capacity to prosecute and defend suits at law." 2 R. C. L. 357, 358, note 21.

6, 7. The statute has conferred upon the Commission the power to sue and be sued. The Commission would not have authority to submit to arbitration a claim pending before it because that would be a delegation of its functions which is not authorized by statute. To submit to arbitration a controversy after an appeal has been taken from its decision is not a delegation of its functions, however, because it no longer has any control over the controversy in any way different from the control any other litigant has over a case pending in court. It was error, therefore, for the court to reject evidence of the submission of the controversy between the plaintiff and defendants to arbitration: Morse on Arbitration and Award, 488. In the instant case the plaintiff sought the agreement to arbitrate. He should not be allowed, after the cause was submitted at his request, to repudiate his agreement on the ground that the Commission had no authority to make such an agreement.

No question is raised in the appeal about the regularity of the arbitration. We therefore pass no opinion upon the regularity of the arbitration agreement or the validity of the award. The judgment of the Circuit Court is reversed and the case remanded to the Circuit Court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.