Argued February 18, affirmed March 16, 1926.

# RAINY HOLST v. STATE INDUSTRIAL ACCIDENT COMMISSION.

### (244 Pac. 319.)

**Master and Servant—Evidence of Submission of Controversy to Arbitration After Appeal from Industrial Commission is Admissible Without Formal Pleading.**

1. Evidence of submission of controversy to arbitration after appeal from award of State Industrial Accident Commission is admissible without formal answer or pleading, since formal pleadings are not required in appeals from decision of Commission, but Commission, to be entitled to benefit of arbitration award, should adduce evidence thereof to afford employee an opportunity to controvert it.

**Master and Servant—Motion by Industrial Commission to Dismiss Appeal is not Proper Way to Join Issue on Question of Submission of Claim to Arbitration.**

2. Motion by State Industrial Accident Commission to dismiss appeal by employee from its decision on ground that claim had been submitted to arbitration is not the proper way to join issue on question of submission and award.

**Master and Servant—Claim Pending Before Industrial Commission cannot be Submitted to Arbitration, but may be Submitted After Appeal Without Delegation of Functions.**

3. State Industrial Accident Commission cannot submit a matter pending before it to arbitration, since to do so would be a delegation of *quasi*-judicial functions, but may do so after appeal to Circuit Court.

**Master and Servant—Appeal from Award of Industrial Commission will not be Dismissed for Submission of Claim to Arbitration, but Award of Arbitrators Should be Incorporated in Judgment.**

4. Appeal from decision of State Industrial Commission to Circuit Court will not be dismissed for submission of matter to arbitration,

3. See 6 R. C. L. 172.
4. Appeal from award of arbitration under Workmen's Compensation Act, see notes in L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186. See, also, 28 R. C. L. 827.

as functions of Commission would automatically attach and thereby nullify submission to arbitration, but award should be incorporated in judgment if valid, and, if voidable, employee would have right to submit case on merits.

Arbitration and Award, 5 C. J., p. 48, n. 54, p. 164, n. 95, p. 226, n. 66, p. 241, n. 19, 25.
Constitutional Law, 12 C. J., p. 897, n. 60.
Workmen's Compensation Acts, C. J., p. 110, n. 27 New, p. 121, n. 33, p. 122, n. 38 New, p. 124, n. 67.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

This is an appeal from the judgment of the Circuit Court in favor of the plaintiff and against the State Industrial Accident Commission. It presents the same question as was presented in the case of Maroulas against the same defendant, *post*, p. 406 (244 Pac. 317), with this difference: In the Maroulas case, the defendant offered evidence of the submission to arbitration and the award. In the instant case the defendant simply moved to dismiss the appeal because the subject matter of the appeal had been submitted to arbitration. The defendant, appellant here, states the issue on this appeal thus:

" * * can an appeal from a decision of the State Industrial Accident Commission to the circuit court be submitted to a board of arbitration by the claimant and the State Industrial Accident Commission?"

AFFIRMED.

For appellant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief and oral argument by *Mr. L. A. Wells.*

COSHOW, J.—We decided in the Maroulas case that after an appeal had been taken from the final decision of the State Industrial Accident Commission, it was competent to submit the controversy to a board of arbitration by agreement with the claimant. If that were the only question involved our decision in the Maroulas case would determine this case. But in our view there is a very vital difference in the two cases. The defendant has proceeded upon the theory that the submission to arbitrators was governed by the common law of practice in such cases.

"If, after issue joined, a cause be referred, and the plaintiff still proceeds with the action, and, after an award in the plaintiff's favor, brings it in for trial, the award may be pleaded as a plea to the further maintenance of the action; formerly it was by way of plea *puis darrein continuance*. It seems that such an award is, at common law, inadmissible in evidence, and that, therefore, the defendant must plead it or lose the benefit of it." Morse on Arbitration and Award, 592.

1, 2. The practice in appeals from the decision of the Industrial Accident Commission does not require formal pleadings. The plaintiff in his appeal did not frame a complaint or statement in the nature of a complaint. There is no occasion, therefore, for the defendant State Industrial Accident Commission to file a formal answer or plea. Evidence of the submission to arbitration and award was therefore admissible without a formal answer or plea. The evidence which could have been offered by the defendant, however, might have been combated by the plaintiff: 5 C. J. 164, § 399; 5 C. J. 241, §§ 656, 657. Before the defendant was entitled to the benefit of the

award, it should have adduced evidence thereof so as to have afforded an opportunity to the plaintiff to have controverted the submission and award if so desired. A motion to dismiss the appeal was not the proper way to have joined issue on the question of the submission and award. In *Dodd* v. *American Surety Co.*, 60 Or. 56 (118 Pac. 198,) this court speaking through Mr. Justice McBRIDE said:

"If we treat this as a submission in an action pending, then, before it can have the effect to create a liability against the plaintiff, there must be a judgment of the court in accordance with the stipulation. If, on the other hand, we treat it as a common-law arbitration, to have effect irrespective of any action of the court, then the jurisdiction of the court was ousted and the agreement effected a discontinuance of the action and released the surety from any obligation on its undertaking given therein. 3 Cyc. 605, and cases there cited. The agreement by its terms required a judgment of the court before the award should become complete." *Gerdetz* v. *Central Oregon Irr. Co.*, 83 Or. 576 (163 Pac. 980).

3, 4. There is another reason for requiring the award to be returned to the court in cases wherein the State Industrial Accident Commission is a party. As was held in *Maroulas* v. *State Industrial Acc. Com.* above, the Commission has no authority to submit a matter pending before it to arbitration. To do so would be to delegate its *quasi*-judicial functions. After the case has been appealed to the Circuit Court, the Commission has no further *quasi*-judicial functions in the matter under consideration. If the case was dismissed, however, by virtue of the submission to arbitration, the functions of the Commission would automatically attach and might thereby nullify the submission to arbitration. It is only by virtue of

the jurisdiction of the court over the subject matter that it is competent for the Commission to agree to submit the matter to arbitration. By securing the dismissal of the appeal to the Circuit Court, the Commission might thereby defeat its right to sustain the award. The award should be, if valid, incorporated in the judgment. If voidable the plaintiff would have the right to submit his case to the court on its merits.

For these reasons the judgment of the Circuit Court is affirmed.                               AFFIRMED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.