J. B. L. MONTIFIORI & G. T. BURGOYNE, Appellants, *v.* ARNOLD ENGELS, A. J. HOOPER, G. GORDON, and J. SMITH, Respondents.

A case was submitted to a referee to find the interest of R., and the value of such interest, in a vessel and cargo. He found such interest and value in the ship, but not in the cargo, and reported that he was unable, for want of evidence, to find the value of R.'s interest in the cargo. Held, that this was equivalent, for the purpose of legal adjudication, to finding no value whatever.

When parties submit to an arbitrator, they are presumed to know that his award will be final, and they must be required to exercise due diligence in procuring the evidence upon which to base a proper award.

The case sent back, with leave to plaintiff to amend his declaration, and to the defendant to answer over.

APPEAL from the Superior Court of San Francisco.

The complaint in this case set forth an agreement between the plaintiffs and defendants, reciting a suit in the Superior Court of San Francisco, in which J. B. L. Montifiori and G. T. Burgoyne were plaintiffs, and Lewis Reford was defendant, in which the plaintiffs had caused all the right, title, and interest of defendants in and to the ship Thracian and her cargo, to be attached, and claim that defendants have an interest in the whole of the same, which the undermentioned parties (the defendants) deny; but for the determination of Reford's interest, the parties had, by a separate instrument, agreed to submit the same to the decision of T. W. Sloan, Esq., and if it should be determined that defendant (Reford) had any interest in the said ship and cargo, or any portion thereof at the time of the seizure, then they (the defendants) agree to pay the said plaintiffs the amount of any judgment they may obtain against the said defendant, not exceeding the extent and value of his interest therein, so to be determined by said Sloan; and in consideration of said agreement, the plaintiffs agree to release the ship and cargo from the said process. The agreement then sets forth a stipulation on the part of the defendants in this action, in consideration of the release of the ship and cargo from the attachment, that they will pay to plaintiffs the amount of any judgment they may obtain against

the defendant, Reford, not exceeding his interest in the ship and cargo, if the decision of said Sloan shall be, that he had any interest therein subject to said attachment, and all costs.

The complaint then avers that the defendants (the parties to the recited agreement) consented to the reference to Sloan, and appeared before him, and adduced testimony, &c., to prove that said Reford had no interest in the said vessel or cargo, subject to the said attachment. And said Sloan, after hearing, &c., made his report, that on the 3d August, 1852, Lewis Reford and Thomas C. Thomas, became joint owners of the ship Thracian, by purchase from C. Cushman & Co., for $5000, that on the 31 Jan., 1853 (when the attachment issued), she was worth $10,000. That the said Thomas and Reford, on the 13th Sept. 1852, had despatched the said ship to Puget's Sound for a cargo of lumber, the cargo to be sold on joint account; that prior to August 16, Thomas had advanced $2500, and Reford had advanced $5000, on the same account. That she arrived with a cargo at San Francisco, January 29, 1853. That the said cargo was purchased by said Thomas & Reford, at Puget's Sound, for $5000. That on the 7th October, 1852, Thomas agreed to sell, within two months, to the Pacific Mail Steamship Company and others, a quantity of lumber at a certain price, but on the 31st January, when the attachment was laid, there had been no actual sale, so as to vest the same in the said parties. The referee therefore finds, that on the 31st January, when the attachment was laid, Reford was half owner of the ship, which interest was then of the value of $5000, and was subject to the said attachment.

That at said time Reford was an equal owner with Thomas in the cargo, subject to the charge of one-half of the expenses of the voyage from San Francisco to Puget's Sound, and back, exclusive of the cost of purchasing said lumber, and that such interest of Reford was subject to the said attachment. That forasmuch as said Thomas is not a party to this suit, and cannot under the reference have an account taken of the expenses of the said voyage, properly chargeable upon said cargo, the referee is unable to ascertain and report the exact value of the share of said Reford in said cargo so attached, and avers that judgment was entered on the report, and remains in full force.

The complaint further avers, that Thomas had taken no steps to ascertain the amount of the expenses of the said voyage, and plaintiffs aver that there were no expenses incurred which could be legally charged against said Reford, or which he had not defrayed to the extent of his liability, and aver, that at the time the attachment was levied the value of the interest of Reford therein was $6800.

The complaint contains further averments in relation to details that arose in the course of the transaction, which were objected to for alleged defects in pleading, but as the opinion of this court was confined to a single objection taken to the report of the referee, it is unnecessary to report them.

The defendants demurred, assigning several grounds, of which the 9th was the only one considered in this court, and which is as follows :—

" It does not appear that the said Sloan has ever made any final decision or report of the matter referred to him to decide and report, and that no decision has ever been made final and complete."

The demurrer was sustained, and plaintiffs appealed.

*Barrett* and *Gorham*, for appellants.

*Hacket* and *Judah*, with *Doyle*, for respondents.

The report of Sloan the referee is not final, as it fails to report the value of Reford's interest in the cargo, which was one of the matters submitted.

The referee was to ascertain the value of Reford's interest in the ship and cargo, as giving the penalty and extent of defendants' obligation.

Finding that his interest in the cargo was one half, subject to the undefined charges of a voyage to Puget Sound and back, the value of which interest the referee says he cannot determine. This interest in the cargo was one of the two things submitted, and this is not determined.   Awards required to be certain.   2 Cain's Rep. 235; 12 Metcalf, 31; 5 Blackf. 128; 3 Scam. 428; 9 Wend. 164; 7 East, 81; 7 D. & E. 73; 11 S. & M. 616; 11 East, 188.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

There is but one ground of demurrer which I think proper to consider,—the one alleging the incompleteness of the award.

It is urged that the award is not complete, because it was a part of the submission that the referee should find the interest of Reford, and the value of such interest in both the ship and cargo, whereas, he found such interest and value in the ship, and not in the cargo.

The referee reports, however, that he is unable, for want of evidence, to find the value of Reford's interest in the cargo. This certainly does not render the award incomplete, because it is equivalent, for the purpose of a legal adjudication, to finding no value whatever.

When parties agree to leave their dispute to an arbitrator, they are presumed to know that his award will be final and conclusive, and they must be required to exercise due diligence in procuring the evidence upon which to base a proper award. In this case it was only necessary for the plaintiffs, after having shown Reford to be the owner of one half the cargo, to have proved the value, and in the absence of anything to the contrary, this would have governed the finding. On the other hand, if the value of the cargo was to be reduced by the expenses of the voyage, it was the duty and interest of the defendants to prove the amount of those expenses.

The material defect in the declaration is the allegation of a right to recover outside of the award, when the stipulation of the defendants is substantially and only, to abide the award. This, however, has not been alleged as one of the grounds of demurrer, and therefore cannot avail the defendants. The grounds of demurrer taken are either technical, or otherwise unsubstantial, and therefore no effect will be given them.

The judgment is reversed, and the cause remanded, with leave to the plaintiffs to amend the declaration, and to the defendants to answer over, each party paying half the costs of this court.