JOHN E. OSBORNE v. R. S. COLVERT.

*Arbitration and Award.*

The members of a firm agreed to submit to arbitration a certain matter "concerning the dealings and mutual accounts kept between them for the last several years, and all things and considerations relating thereto." In an action upon the award, and in support of his plea of counter-claim, it was held competent for the defendant to show, (1) that the arbitrators considered only matters relating to the partner-

ship ; (2) that the plaintiff is indebted to him individually by note given before the date of the agreement to refer and before the partnership was formed, which note was not intended to be embraced in the submission, and for that reason was not produced on the trial before the arbitrators.

CIVIL ACTION tried at Fall Term, 1881, of IREDELL Superior Court, before *Seymour, J.*

The plaintiff sues upon an award, made in pursuance of a written agreement of reference, the condition of which is as follows:

The condition of the above obligation is such, that whereas a certain matter of controversy has arisen between the above bounden, *about and concerning the dealings and mutual accounts kept by and between themselves for the last several years;* and whereas they have mutually agreed to refer and submit to the arbitrament and award of John A. Stikeleather, J. W. W. Weaver and T. M. Gill, arbitrators indifferently chosen by and between them, and *all things and considerations relating thereto,* and it is agreed that the said arbitrators shall hear such statements of the parties and such evidence as they may deem proper, and make their award in writing and deliver it to the parties, provided it be made in writing and delivered to the parties at the time and place of making their award. Now, therefore, if the above bounden, &c. (Signed and sealed by J. E. Osborne, T. J. Osborne, J. C. Colvert and R. S. Colvert.)

The award is as follows : We, the referees chosen to make a settlement between John Osborne and R. S. Colvert, do make this settlement. That Colvert is due Osborne in first settlement..................................................................$325.00
On settlement with Tom Osborne........................... 268.75
Interest......... ..................... ..................... ............. 10.75

$604.50

(Signed by the arbitrators.)

The plaintiff introduced as a witness the arbitrator, Weaver, who testified to the delivery of the award to the parties, and that in making the settlement between them, the arbitrators received all the evidence of claims offered by any of the parties; and that evidence relating to the individual accounts of the parties against each other, and possibly of notes of that character, was offered and received by the arbitrators, as well as of claims concerning their partnership dealings, and that all claims offered were considered by the arbitrators.

On cross-examination this witness stated, there were two firms existing between the parties—one composed of the plaintiff and defendant, engaged in making whiskey, and the other of Tom Osborne and defendant, engaged in making brandy, and of this latter firm J. C. Colvert was a member.

The defendant, having pleaded a counter-claim in his answer, offered in evidence a note for $200 given to him by the plaintiff, more than two years before the date of agreement to refer, and proposed to prove that nothing was actually considered by the arbitrators except matters relating to the firm, and that the note in question was given before the partnership was formed, and that it was never before the arbitrators in any manner, but, upon plaintiff's objection the court excluded the evidence, upon the ground that by the terms of the submission, *every* claim of either party existing prior to the submission and award was embraced in the same, and that if defendant did not produce this claim upon the note, he might have done so, and was therefore concluded.

After verdict and judgment for the plaintiff, the defendant appealed, assigning as error the refusal of the court to allow him to offer proof in support of his counter-claim.

*Mr. J. M. Clement,* for plaintiff.
*Messrs. Scott & Caldwell,* for defendant.

RUFFIN, J., after stating the above.  In the opinion of this court, the evidence tendered by the defendant was improperly excluded.

Allowing the decision of arbitrators, when acting within the scope of their authority, to have the force and effect of a judgment between the parties, in so far as it estops them from again litigating any matter embraced in the submission, and conceding as is insisted by the plaintiff, that in every such case, the estoppel is co-extensive with the submission, and affects not only those claims that were actually introduced before the arbitrators, but all that might have been, according to the terms of the latter, still we think, that it was open to the defendant under the circumstances of this case, to show, as he proposed to do, that the demand, upon which he now insists, was not intended to be embraced within the submission, and that for that reason, it was not produced, or considered by the arbitrators, at the time of their trial.

Looking to the article itself as signed by the parties, a doubt is at once suggested, as to whether it was intended to embrace the individual claims of the parties, as distinguished from their partnership dealings.

The fact that a controversy had arisen between them, " about and concerning *the dealings and mutual accounts* kept by and between themselves for the last several years," is recited as that which had given occasion to the arbitration, and the matters referred seem to be only such " things and considerations" as bore some relation to those *dealings and mutual accounts.*

The note, now produced by the defendant, ante-dates those mutual dealings, and if any presumption is to be indulged, it must be in favor of his present right to it, since it does not belong to that specific class of claims, about which the controversy had arisen, and the adjustment of which constituted the chief inducement for making the reference.

The plaintiff himself seems to have felt the force of this presumption, and therefore undertook to show, affirmatively, that the arbitrators, with the knowledge and consent of all parties, enlarged their functions, so far as to enquire into and adjudicate the individual matters, as well as the partnership dealings.

If the terms of the written agreement to refer had been clear and explicit in themselves, his liberty thus to show that matters foreign to them, had been embraced in the award, might be the subject of some doubt.

But conceding his right to do so, it surely must have been equally admissible for the defendant to show, if he could, that his present demand came neither within the scope of the original intention of the parties, nor the action of the arbitrators; and the evidence offered by him, with that view, should have been received by the court.

The plaintiff's counsel also called our attention to the complaint, wherein the note, pleaded as counter-claim, is said to be one for $300, and insisted that this allegation could not be supported by proof of a note for $200, and that therefore the evidence with regard to the latter, was properly excluded.  No such exception is set out in the case, as having been taken in the court below; and if taken, it might have been avoided by an amendment, such as the court had the power to allow, and doubtless would have been allowed, if deemed necessary to meet the ends of justice and right between the parties.  We do not feel at liberty, therefore, to notice it here now, but will leave it to be acted on hereafter by the parties as they may be advised, subject to the discretion of the court.

The judgment of the court below is reversed, and a *venire de novo* awarded.

Error.                                        *Venire de novo.*