## J. H. WOOD *vs.* J. W. HINGLEY.

### APPEAL FROM JUDGMENT ON AWARD.

### APRIL TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

An award under a submission of "all matters in dispute of every name and nature between us now existing," will not be set aside on the ground that an item has been omitted, unless it is shown that the matter was brought to the notice of the arbitrators and they refused or neglected to pass upon it.

### OPINION OF THE COURT, BY JUDD, C. J.

THE parties in this case agreed in their submission to submit to the arbitrators named, "all matters in dispute of every name and nature between us now existing." The submission was entered as a Rule of Court.

The arbitrators met, heard proofs presented by the parties, and made their award. On the motion of Hingley for judgment, the

counsel for Wood objected on the ground that an item of credit of Hingley to Wood for $186 07, as shown by Hingley's books, was not passed upon.

The affidavits of the arbitrators show that they passed upon and considered every item or matter to which their attention was drawn by either of the parties; that the matters submitted consisted only of the written bills of the parties against each other, which, as the arbitrators supposed, contained the statements of their mutual accounts. That no books of accounts were submitted to the arbitrators by either party for inspection or examination, except in the instance of a few isolated items in the said bills, in which their accuracy was sought to be proven by showing corresponding entries in the books of account. That no books of accounts were left to the arbitrators for general examination, except as above stated.

The position is taken by Hingley that the award embraced everything submitted to the arbitrators, and that the $186 item in question was not submitted to their consideration. The affidavit of the arbitrators presented by Wood is conclusive that the item of $186 "was not brought to the knowledge of the arbitrators."

We think it is clear that the arbitrators passed upon every item brought to their knowledge. They are not required to do any more than this.

There are abundant cases establishing the proposition that an award cannot be set aside on the ground that an item has been omitted, unless it be shown that the matter was brought to the notice of the arbitrators, and they refused or neglected to pass upon it.

Parties must present their proofs to the arbitrators. Neglect of this by a party is deemed to be a waiver of his right to do so.

*Carseley vs. Lindsey,* 14 Cal., 390 ; *Montifiori vs. Engels,* 3 Cal., 431 ; *Maynard vs. Frederick,* 7 Cush., 247 ; *Karthaus vs. Ferrer,* 1 Pet., 222.

In this last case the Supreme Court of the United States says : "In order to impeach an award made in pursuance of a conditional submission, on the ground that only a part of the matters in controversy have been decided, the party must distinctly show

that there were other points in difference of which express notice was given to the arbitrator, and that he neglected to determine them."

The award conforms to the submission and the statute, and we see no cause for impeaching it.

Judgment of lower Court affirmed.

*W. R. Castle,* for J. H. Wood.

*C. W. Ashford,* for J. W. Hingley.

Honolulu, May 31, 1884.

