[No. 13775.   Department One. — November 6, 1891.]

## SMITH FULMORE, APPELLANT, v. PETER McGEORGE, RESPONDENT.

ARBITRATION — PARTNERSHIP MATTERS AND ACCOUNTS — SUFFICIENCY OF AWARD. — Under an agreement submitting to arbitration all differences existing between partners in relation to partnership matters and accounts, an award containing an itemized statement of the partnership accounts, showing a balance in favor of one of the partners and against the other, to secure which it is found that the former has a lien by pledge upon the latter's interest in a specified portion of the partnership property, and containing a complete schedule of the existing partnership property, in which it is awarded that the partners have an equal interest subject to said lien upon the interest of one partner in favor of the other in said specified portion, is sufficiently definite to be enforced.

ID. — DETERMINATION OF MATTERS SUBMITTED — COMPLETENESS OF AWARD. — An award which appears to determine all matters submitted to arbitration, and which shows upon its face that no further inquiry is necessary to ascertain the sum of money to be paid or any act to be done by either party in relation to the matters submitted, is sufficiently complete.

Id. — Definiteness of Award — Provision for Recovery of Sum Awarded. — The fact that the award does not provide that either party shall have or recover any sum or anything from the other party is not a valid objection to the definiteness of an award finding a balance due from one partner to another, and definitely settling the rights of the parties in the partnership property.

Id. — Disposition of Partnership Property. — An omission to provide that any disposition, sale, or division of the existing partnership property shall be made does not render the award void for indefiniteness, it not appearing that any differences between the partners existed or were submitted to the arbitrators in reference to a disposition of the partnership property.

Id. — Appeal — Conclusiveness of Award — Contradictory Affidavits as to Evidence. — The award of the arbitrators is conclusive upon appeal therefrom, as to all items or matters submitted to them, where it does not appear from the record upon what evidence the findings as to such items or matters were based by the arbitrators; and contradictory affidavits by the parties, as to what the evidence was, will not be considered upon appeal.

Id. — Submission of Partnership Matters and Accounts — Province of Arbitrators — Bill of Sale to Copartner — Pledge. — The determination by the arbitrators as to whether or not certain written instruments between the partners constituted a bill of sale of the interest of one of the partners in a portion of the partnership property, or a mere pledge to secure a debt, is properly within the power of the arbitrators, under a submission by the parties of "partnership matters and accounts."

Id. — Distinction of Individual from Partnership Property — Partnership Matter. — The determination of a difference between partners as to what is partnership property as distinguished from the individual property of one of the partners is the settlement of a partnership matter, and is necessary in order properly to adjust the partnership accounts.

Appeal from an order of the Superior Court of Humboldt County denying a motion to vacate or modify an award.

The facts are stated in the opinion.

*P. F. Hart*, and *E. W. Wilson*, for Appellant.

The award, after entry in the judgment-book, became, by virtue of such entry, the judgment of the court. (*Carsley* v. *Lindsay*, 14 Cal. 390; *Fairchild* v. *Doten*, 42 Cal. 125.) A judgment is the final determination of the rights of the parties in an action or proceeding, and without a provision or direction in this award, that one party shall have or recover something from the other, and without a provision or direction for the sale or

disposal of the remaining partnership property, and an application of the proceeds, it cannot be said to be a "final determination of the rights of the parties." To become final, it must ascertain and adjudge the whole matter of litigation, and nothing must be left to be done except to execute the decree of the court. (*Clark* v. *Dunnam,* 46 Cal. 208; *White* v. *Conway,* 66 Cal. 383; *Wright* v. *Wright,* 5 Cow. 197; *Jacob* v. *Ketcham,* 37 Cal. 197; *Hiscock* v. *Harris,* 74 N. Y. 108.) If the terms of the award are such as to render a further inquiry necessary to ascertain a sum of money to be paid, or some act to be done, it is void, and will be set aside. (*Porter* v. *Scott,* 7 Cal. 312.) The appellant denies that the instruments in writing constitute a pledge; but whether they do or not, the fact remains that it was not a "partnership matter," but an individual transaction between partners, and in which the partnership had no interest whatever, and was therefore without the terms of the submission. Assuming that it was a pledge, the transaction simply amounted to a loan of money by Fulmore to McGeorge for the use of, and which went into, the partnership. That this was not a partnership matter is now well settled. (*Bull* v. *Coe,* 77 Cal. 54; 11 Am. St. Rep. 235; *Bates* v. *Lane,* 62 Mich. 132; *Gauger* v. *Pautz,* 45 Wis. 449; *Crater* v. *Bininger,* 45 N. Y. 545.) An award must be co-extensive with the submission, and if it goes beyond the issues limited by the submission, as it does in this case, it is in excess of the powers conferred on the arbitrators, and is invalid as a whole. (*White* v. *Arthur,* 59 Cal. 33.)

*J. D. H. Chamberlin,* for Respondent.

The appellate court cannot pass upon the objections raised by the appellant to the award, as the record does not contain the evidence upon which the arbitrators decided, and the award does not disclose upon its face any of the alleged defects. (*Blair* v. *Wallace,* 21 Cal. 317; *Peachy* v. *Ritchie,* 4 Cal. 205.) This court will not disturb the award of an arbitrator, unless the errors com-

plained of, whether of law or fact, appear on the face of the award. (*Tyson* v. *Wells,* 2 Cal. 122; *Muldrow* v. *Norris,* 2 Cal. 74; 56 Am. Dec. 313; *Perkins* v. *Giles,* 50 N. Y. 228; *Smith* v. *Cutler,* 10 Wend. 590; 25 Am. Dec. 580.) Nor are they bound to decide on principles of dry law, but may decide on principles of equity and good conscience, and make their award *ex æquo et bono.* (*Muldrow* v. *Norris,* 2 Cal. 74; 56 Am. Dec. 313.) Every reasonable intendment will be made to uphold an award. (*Ott* v. *Schroeppel,* 5 N. Y. 482.) The award is not void for uncertainty. (*Case* v. *Ferris,* 2 Hill, 75; *Byers* v. *Van Deusen,* 5 Wend. 268; *Carsley* v. *Lindsay,* 14 Cal. 391; *Simons* v. *Mills,* 80 Cal. 118; *Blair* v. *Wallace,* 21 Cal. 317.) The award, if definite and certain, may be enforced in equity, although execution may not issue at common law. (*Gunter* v. *Sanchez,* 1 Cal. 46; *Burnside* v. *Whitney,* 21 N. Y. 148; *Bouck* v. *Wilber,* 4 Johns. Ch. 406.)

VANCLIEF, C. — This is a matter of arbitration between the parties, and the appeal is from an order of the superior court denying appellant's motions to vacate or to modify the award.

The written agreement of the parties to submit to arbitration, which had been entered as an order of the court, is as follows: —

"Whereas, differences are now existing between Smith Fulmore, of the county of Humboldt, and Peter McGeorge, of the same place, in relation to divers partnership matters and accounts, —

"Now, therefore, we, the undersigned, Smith Fulmore and Peter McGeorge, do hereby agree that James Smith of Ferndale, J. D. Ferrill of Ferndale, and C. M. Wheeler of Eureka, or any two of them, shall arbitrate, award, judge, and determine of and concerning all said differences now existing between us in relation to our said partnership matters and accounts. And we do hereby mutually covenant and agree to and with each other that the award to be made by the said arbitrators, or any

two of them, shall in all things by us, and each of us, be well and faithfully kept and observed; provided, however, that the said award be made in writing under the hands of the said arbitrators, or any two of them, and ready to be delivered to the said parties in differences, or such of them as shall desire the same, on the twelfth day of June, 1888.

"It is hereby further stipulated and agreed by and between the parties hereto, that this submission to arbitration shall be entered as an order of the superior court of the county of Humboldt, state of California.

"In witness whereof the above-named parties have hereunto set their hands and seals this the twenty-first day of May, 1888.

"(L. S.)                       SMITH FULMORE.
"(L. S.)                       PETER McGEORGE."

The award contains an itemized statement of the partnership accounts, showing a balance in favor of Fulmore and against McGeorge, of $302.70, to secure the payment of which it is found that the former has a lien by pledge upon the latter's interest in a specified portion of the partnership property. The award also contains a complete schedule of the existing partnership property, in which it is awarded that the parties are equally interested, subject to said lien upon McGeorge's interest in a specified portion thereof.

1. It is contended for appellant that the award is too indefinite to be enforced.

Upon its face the award seems to be perfectly definite, to settle the partnership accounts, and to determine the respective rights of the parties as to all existing partnership property. Why it cannot be performed, if the parties are disposed to abide by it, is not perceived.

Under this head, it is said that it does not provide that either party shall have or recover any sum or anything from the other party, nor that any disposition, sale, or division of the existing partnership property shall be made. These, however, are not valid objections on the ground of indefiniteness of the award. But it does award

that McGeorge owes, and consequently that he should pay to Fulmore, the definite sum of $302.70. The agreement submitted to arbitration only all differences existing between the parties "in relation to partnership matters and accounts." It does not appear that either party desired to divide or to dispose of the property, nor that there was any difference between them in that respect; much less that any such difference was submitted to the arbitrators. The award appears to determine all matters submitted. It does not appear that further inquiry is necessary to ascertain a sum of money to be paid, or any act to be done by either party in relation to the matters submitted. (*Porter* v. *Scott,* 7 Cal. 313.)

2. It is contended that the arbitrators committed gross error in charging appellant with three items amounting to $42.86. But it does not appear upon what evidence these items were charged by the arbitrators. The contradictory affidavits of the parties, as to what that evidence was, cannot be considered here. It is stated in the affidavit of respondent, and not denied by appellant, that the testimony of the parties and their witnesses was reduced to writing by the arbitrators, but no part of it is contained in the transcript brought here; nor does it appear that it was introduced on the hearing of the motion in the court below. It is admitted that the items in question were submitted to the arbitrators. Under these circumstances, the award, as to them, is conclusive.

3. One of the differences settled by the award was, whether certain instruments in writing constituted an absolute bill of sale of respondent's interest in a portion of the partnership property to appellant, and an agreement on the part of appellant to reconvey the same, or a mere pledge to secure the payment of a certain sum of money which appellant advanced to the partnership concern for the respondent. The award as to this was, that the instruments constituted a mere pledge, and that the property remained partnership property subject to the lien of the pledge.

The only objection made to this action of the arbitra-

tors is, that it was *ultra vires*, because the matter is not included in the submission of " partnership matters and accounts."

The property was claimed by appellant to be his individual property, while the respondent contended that it was partnership property, his interest in which being subject to the lien of the pledge. To determine a difference between partners as to what is partnership property as distinguished from the individual property of one of the partners is clearly a partnership matter, and falls within the written submission in this case. Furthermore, it was necessary to determine this difference in order to adjust the partnership accounts.

I think the order should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.