# CHARLESTON.

BRODHEAD-GARRETT Co. *v.* DAVIS LUMBER Co.

Submitted September 9, 1924. Decided September 16, 1924.

1. ARBITRATION AND AWARD—*Award not Set Aside Because Court of Law Would Have Decided Otherwise; Generally Mistake of Law Will Not Vitiate Award Unless Arbitrator Biased, Prejudiced, or Influenced by Ulterior Motive.*

   If the submission to arbitrators is for the purpose of settling the differences between the parties then in litigation without requiring them to proceed under the strict rules of law, and there is nothing in the award or the case which shows that the arbitrators intended to arrive at the award by observing the rules of law, the award will not be set aside because a court of law would have decided otherwise. Generally, under such submission a mistake of law will not vitiate the award unless it is so glaring as to shock the conscience and warrant the conclusion that the arbitrators were biased, prejudiced, or influenced by some ulterior motive. (p. 169).

   (Arbitration and Award, 5 C. J. § 469).

2. SAME—*Award not Disturbed for Mistake of Law, Even Where Intention of Arbitrators to Proceed Under Legal Rules.*

   Even where it is clear that the arbitrators intended to proceed and decide under the rules of law, and have made a mistake of law on a doubtful point on which a court would have

decided differently, the award will not be disturbed for that reason alone. (p. 170).

(Arbitration and Award, 5 C. J. § 470.)

3.  SAME—*Award Not Disturbed Because Arbitrators Ignore Request to Incorporate Whether They Considered Immaterial and Irrelevant Evidence.*

    Under a general and unrestricted submission the award will not be disturbed because the arbitrators ignore a request of one of the parties to incorporate in the award whether they considered evidence objected to as immaterial, irrelevant, and improper. (p. 171).

    (Arbitration and Award, 5 C. J. § 484).

4.  SAME—*Award Not Set Aside Because Considered in Office of Attorney for One of Parties.*

    The simple fact that the award was considered and made in the office of the attorneys for one of the parties will not set aside the award. (p. 171).

    (Arbitration and Award, 5 C. J. § 482 [1926 Anno]).

5.  SAME—*In Absence of Requirement not Necessary to Give Notice of Time and Place of Sitting to Consider Evidence and Make Award.*

    Arbitrators are not required to give notice of when and where they will sit to consider the evidence and make up the award, in the absence of any requirement to that effect in the submission. (p 171).

    (Arbitration and Award, 5, C. J. § 182).

    NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified case from Circuit Court of Upshur County.

Suit by the Brodhead-Garrett Company against the Davis Lumber Company. Rule sustaining demurrer to the bill was certified for review.

*Affirmed.*

*Young & McWhorter,* for defendant.

LIVELY, JUDGE:

On demurrer to plaintiff's bill the trial court decided that the bill was insufficient, and has certified its decision for review.

A suit at law arising out of a purchase of a carload of

chestnut lumber by Brodhead-Garrett Company from Davis Lumber Company in February, 1920, was pending in the Circuit Court of Upshur County, in which Davis Lumber Company was suing for the purchase price of the lumber sold. The gist of the defense was that the lumber was not the kind purchased under the contract of sale and purchase, and hence defendant was under no obligation to pay. Pending the litigation an agreement of submission of all matters involved to arbitrators was signed by the parties on October 27, 1921, in which W. Lee Jack was selected by Davis Lumber Co., and B. W. Ackles, by Brodhead-Garrett Company, as arbitrators, and in which it was stipulated that their award should be entered as a judgment of the court. It was agreed that all the pleadings, papers, affidavits and evidence taken and to be taken should be considered by the arbitrators in making their award. Evidence was taken before the arbitrators and reduced to writing, each party producing all the evidence it desired. On April 10, 1923, the arbitrators made and signed an award in writing finding in favor of the Davis Company and against Brodhead Company, in the sum of $926.35, with interest from that date, and the costs of the arbitration, $222.65, stating that they had heard and carefully considered the evidence adduced. At August Rules 1923 the Brodhead Company filed its bill to set aside and cancel the award; demurrer thereto was sustained, as above stated.

The bill charges in substance that at the taking of evidence before the arbitrators numerous questions of law were raised by the Brodhead Company, and objections made to the introduction of evidence offered by Davis Company, which evidence was improper, immaterial and irrelevant, and in order to protect its interest the Brodhead Company, by its attorney, prepared a written list pointing out such illegal evidence, and requested the arbitrators to state whether such evidence was considered in arriving at their award, but that they failed to respond to that request and failed to state in their award whether they had considered the evidence objected to. The bill then details the subject of the litigation and gives a summary of the evidence taken before the arbitrators and exhibits all of the papers and evidence before the

arbitrators. The chief defense by Brodhead Company against paying the purchase price for the lumber was that Davis Company did not ship the grade of lumber purchased, and it was entitled to reimbursement for what it had paid as an advancement, and a judgment should be rendered in its favor. Davis Company claimed that the lumber was purchased by Lytle, agent for Brodhead Company, by oral agreement, on February 23, 1920, and confirmed by written order from Brodhead Company, dated February 25, 1920, and confirmed by Davis Company by letter of March 1, 1920, as the "Cars of chestnut which your Mr. Lytle purchased from us on the 23rd inst." These cars so sold were No. 2 common and sound wormy chestnut, according to the verbal sale. The Brodhead Company claimed that its order for "3 cars 4-4 Sound Wormy Chestnut" at $70.00, merged any oral purchase made by Lytle, and any evidence to contradict the written order was illegal and of no force. The cars shipped contained a mixture of No. 2 Common Chestnut with Sound Wormy Chestnut. The bill charges that all evidence of Davis Company concerning the verbal sale made through Lytle was illegal and improper, and if the arbitrators considered such evidence and gave it any weight, which they must have done judging from the award, then they made their award contrary to plaintiff's plain right, innocently and in good faith it might be, but contrary to plain law and justice.

The bill further charges that it developed in taking the evidence that one of the cars shipped to Brodhead Company was bought by Davis Company from Acme Company as No. 2 and Sound Wormy Chestnut, and that Arbitrator Jack and John W. Farnsworth then composed the Acme Lumber Company, and therefore W. Lee Jack could not be an impartial arbitrator, a fact which the plaintiff did not know at the time Jack was selected; and after the evidence was taken which developed the fact, that Davis Lumber Company had purchased from Acme Company some of the chestnut lumber involved, it had no opportunity to interpose objection to Jack as an arbitrator, because no other meeting of the arbitrators was held, except when they met and made the award, when plaintiff was not present and had no notice that such meeting would be had. The bill says that Ackles, the other

arbitrator, was a brother-in-law of Farnsworth, partner with Jack in the Acme Company, a fact which it did not know until the evidence was taken and plaintiff had no opportunity to object to him as an arbitrator, for the same reason it did not object to Jack, as above set out. The bill charges that the award was considered and rendered in the City of Buckhannon at the office of counsel for Davis Company about one hundred yards from the office of counsel for plaintiff, who had no notice of the meeting, although at his office, and who had no opportunity to be present, make objections of any character or file a brief. Also, that both arbitrators, for the reasons above assigned, were not impartial, and the award should be set aside because of partiality. Also, upon information and belief, that the arbitrators because of lack of time did not and could not read and consider all of the evidence when they met to make their award on April 10, 1923, having been in session for a short time only. The averments of the bill are set out at some length because their sufficiency is challenged.

It will be seen that there are three reasons charged as being sufficient to set aside the award: (1) That the arbitrators made a mistake of law in rendering their award; and must have considered illegal and improper evidence. (2) That the arbitrators were not free from partiality. (3) That the arbitrators were guilty of misconduct; (a) in refusing to say in their award whether they considered and gave any weight to the evidence to which plaintiff had interposed objection; and (b) in meeting at the office of counsel for defendant to make up and consider their award without giving notice to plaintiff's counsel.

The submission is very broad in its terms and makes no restrictions upon the powers of the arbitrators. All of the pleadings and papers, affidavits and evidence then taken and to be taken were to be considered by the arbitrators and they were directed to make up such award therefrom which they may deem proper under the facts produced before them, which award they shall reduce to writing, and which shall be entered in the records of the circuit court and have the same effect as a judgment entered therein. When unrestricted by the terms of the submission, the powers and discretion of

the arbitrators are comprehensive. Generally under such submissions arbitrators have full power to decide upon all questions of law and fact, including power to decide upon questions of admission and rejection of evidence tendered, and the weight which may be given thereto, together with the inferences of fact which may be drawn from it. *Castle-Curtis Arbitration,* 64 Conn. 501; 42 A. S. R. 200; *Johnson v. Noble,* 13 N. H. 286. They do not have to follow the strict rules of law, under such submission. The parties select their own judges relying upon them to determine the very right of the controversy, whether by strict rule of law or under equitable principles. *Biglow v. Newell,* 10 Pick. 348; *Fairchilds v. Adams,* 11 Cush. 549. An award will not be set aside because questions are asked and evidence introduced which would be rejected in a court of law. *Butler v. Boyles,* 10 Humph. (Tenn.) 155; 51 Am. Dec. 697. "Their decision on matters of law and fact are conclusive, and all matters in the award are thenceforth, *res judicata,* on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy," 2 R. C. L. page 386, Sec. 32, citing numerous cases including *Chapline v. Overseers,* 7 Leigh 231, where Judge Tucker said, "As to errors in the judgment of the arbitrators I perceive none upon the face of the award; and even if there were any, it is well established that where a matter of law is referred, the parties must abide by the decision though erroneous." The submission in that case referred "all matters in dispute." If the award shows, or it be shown that the arbitrators intended to decide the controversy according to the rules of law, and have made a clear and palpable mistake of the law, then their award will be set aside; but if they mistake the law on a doubtful point, it will not be disturbed even though the court would have decided differently. *Mathews v. Miller,* 25 W. Va. 817; *City of Portsmouth v. Norfolk County,* 31 Grat. 727. In the instant case there is nothing in the award, and no paper accompanying it, which indicates that the arbitrators intended to proceed or decide according to the rules of law which would be followed by a court. Moreover, we perceive a close question presented as to whether the evidence con-

cerning the making of the purchase by Lytle as agent for plaintiff should have been rejected. If an award is wholly unwarranted by the evidence, or is so excessive as to shock the conscience, fraud, bias or prejudice on the part of the arbitrators will be inferred. *Rand* v. *Reddington*, 13 N. H. 72. But such is not the case under consideration. The allegations in the bill in the light of the evidence exhibited is not sufficient to set aside the award on the ground of mistake of law.

On the second ground, namely, partiality on the part of the arbitrators because one of them was a member of the Acme Company which sold chestnut lumber to the Davis Company and which was used by the latter in partially filling the order from plaintiff, we see little merit. The fact that Ackles was a brother-in-law of Farnsworth, another member of the Acme Company, is of less merit to convict him of the charge of partiality. No community of interest between the Davis and Acme Company is charged. They had simply transacted business with each other and were dealing at arms length. The sale of the lumber by the Acme Company to the Davis Company would have little influence upon a decision of the question whether the plaintiff had actually purchased a certain kind of lumber from defendant. An interest or bias to disqualify an arbitrator must be direct, definite and capable of demonstration; not remote, uncertain or speculative, 2 R. C. L. page 372, citing many authorities.

On the remaining ground, misconduct of the arbitrators; (a) in not complying with plaintiff's request to report with their award whether they considered evidence objected to as immaterial and improper, we do not think their failure to comply would be such misconduct as would vitiate the award. They were not required by the submission to make special findings or to set out in their award the process by which they arrived at it. The object of the request was to ascertain whether the arbitrators rejected or considered the evidence. Even if the evidence would have been rejected under application of the strict letter of the law, the arbitrators were not compelled to reject it. "Arbitrators are not

bound to follow even what they themselves deem to be the strict rules of law, unless it be a condition that they shall do so, and when the submission contains no such condition, courts will never set aside an award or refuse to enforce it, because the arbitrators have not followed strictly legal rules in hearing and deciding a case, unless it be shown that thereby manifest injustice has been done.'' 2 R, C. L. page 375. (b) Was it misconduct on the part of the arbitrators sufficient to set aside the award that they met, considered and made their award at the office of attorneys for the Davis Lumber Company without giving notice to plaintiff's counsel? We can see no misconduct in meeting at the attorney's office. It is not claimed that the attorney for the other side was present or in any way influenced the decision or had any part in its preparation. No undue influence is charged. It might have been better to have met elsewhere to avoid criticism; but because they were indiscreet in selection of the place of meeting, it does not convict them of misconduct, bias or partiality. *Mishawaka Woolen Mfg. Co.* v. *Nelson et al.,* 96 W. Va. 617, 123 S. E. 568. See *Moore* v. *Ewing,* 1 N. J. Law 144. The meeting being for the purpose of deciding upon, preparing and signing the award, we cannot see that plaintiff's attorney was entitled to notice All of the evidence had been taken. 16 Anno. Cases 555; 19 L. R. A. (N. S.) 696. There is no complaint that the case was prematurely closed. All of the evidence desired by either side was in; and we perceive no duty upon the arbitrators to have counsel present when they considered the evidence and arrived at their award. The submission indicates otherwise, for it provides that when the award is made certified copy thereof shall be sent to each of the parties.

We affirm the ruling of the lower court.

*Ruling affirmed.*