Koepke and another, Appellants, vs. E. Liethen Grain Company, Respondent.

*April 8—May 12, 1931.*

For the appellants there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman.*

For the respondent there was a brief by *Frank, Wheeler & Pelkey* of Appleton, and oral argument by *Heber H. Pelkey.*

FRITZ, J.   There is no controversy as to the validity of the agreement for arbitration, or the appointment of the arbitrators.   A review of the evidence discloses that the trial court was warranted in finding that there was no corruption, fraud, undue means, partiality, or misconduct on their part in making the award; that they passed solely upon the matters submitted to them; that they were not mistaken in their findings; and that their findings sustained their award.

No useful purpose will be served by a detailed discussion of the evidence.   Due consideration and appreciation of the well established principles applicable to valid arbitration proceedings virtually disposes of all of the Grain Company's contentions on this appeal.   In *Eau Claire v. Eau Claire Water Co.* 137 Wis. 517, 119 N. W. 555, the following principles were recognized and applied : Every presumption is in favor of an award which is responsive to the submission and which is duly executed by the arbitrators.   Invalidity must be shown, by any one asserting it, by clear and satisfactory evidence.   All questions of judgment within the submission are concluded by the decision of the arbitrators, and are not subject to appeal or review by the court.   On an attack on an award it is not within the province of the court to determine whether conflicting evidence before the board, on issues which it decided, constituted a preponderance for or against its decisions.   Upon a submission without restrictions, the

board has plenary power to decide questions of admissibility, competency, and weight of evidence. The arbitrators themselves are competent witnesses before the board, and they are not confined to testimony from witnesses under oath. Their selection by either party may be due to their expert knowledge, and they are not excluded from using such knowledge in making their award. In subsequent proceedings to impeach their award, their testimony as to what transpired in their hearing and deliberations will not be received for that purpose. See, also, *Travelers Ins. Co. v. Pierce Engine Co.* 141 Wis. 103, 123 N. W. 643; *Herman Andrae Elec. Co. v. Courteen,* 176 Wis. 92, 186 N. W. 212; *Rottman v. Toft,* 187 Wis. 558, 204 N. W. 585; *In re Lower Baraboo River D. Dist.* 199 Wis. 230, 225 N. W. 331.

Appellants contend that the award utterly disregards the evidence as to the nature and extent of alleged defects and resulting damages, and that, consequently, there was partiality on the part of the arbitrators toward the respondent. The contention is supported by an argument that would be in point if the question were whether there was sufficient evidence to support a jury's verdict or court's finding. However, the technical rules of law as to the competency and sufficiency of evidence, and the necessity of confining the tribunal's consideration to matters which appear of record, are not applicable in arbitration proceedings as they are in court litigation. Contentions such as that the arbitrators misconceived the real issue as to responsibility for an item of damage, or that they failed to duly regard the technical legal requirements as to satisfying the burden of proof, or otherwise decided an issue contrary to law or the technically relevant or competent evidence, do not warrant vacating their award. Bearing in mind that the arbitrators could rightly be selected because of their special knowledge as experts on the matters in controversy, and that they could rightly rely upon their expert knowledge and the information which

they acquired on their own inspections of the buildings, without incorporating any of their individual statements or testimony as to their observations or opinions in the transcript of their proceedings, we are unable to conclude in this case that the award improperly disregards the testimony taken, or that it evidences partiality or dishonesty on the part of the arbitrators. They may have erred in their opinions and conclusions as to matters which they ascertained upon their inspection, or otherwise, or in passing upon the competency or weight of the testimony which was submitted to them, but their award cannot be vacated solely because of any such error. As the learned circuit judge rightly said: "Arbitrators are judges chosen by the parties for themselves, and when so chosen they must be taken as they are, with their weaknesses and frailties, of which all have some, and while they act honestly and fairly, according to such abilities as they have, with reference to what is submitted to them, their proceedings are valid and binding."

Appellants contend that one of the arbitrators was disqualified because he assisted the respondent in preparing its bill of particulars after the first award was vacated. Such assistance was denied in the court proceedings, and we find no occasion for disregarding the court's conclusion as to the arbitrator's impartiality.

The fact that in arriving at their second award the arbitrators did not proceed wholly *de novo,* but, in connection with the testimony taken after the first award, also considered the testimony which had been taken prior to that award, did not invalidate their final award. Having, as they did, plenary power to decide questions as to the admissibility and competency of evidence, there was certainly no error in their taking into consideration the former testimony, taken at hearings at which both parties were duly represented.

Likewise, the award is not necessarily fatally defective because the arbitrators failed to find as to fourteen of the

thirty-one items of damages asserted by the respondent. The latter may have been prejudiced, and might have complained because of that failure. As the arbitrators, after the submission of all of respondent's thirty-one items, finally concluded in their award that the net amount owing to appellants was $1,725.49, the issues relating to the fourteen items, as to which no allowance to respondent was made in the award, are deemed decided adversely to respondent. Even if the omission to find as to those items was due to a mistake on the part of the arbitrators, nevertheless the omission was in effect a disallowance of those items, which became final and conclusive when the award was made and proper notice thereof was given to the interested parties. *Herman Andrae Elec. Co. v. Courteen, supra.*

*By the Court.*——Order and judgment affirmed.