[L. A. No. 20682. In Bank. Dec. 6, 1949.]

DAVID M. SAPP et al., Appellants, v. ABRAHAM BARENFELD et al., Respondents.

Laurence J. Rittenband and Leo Jay Ross for Appellants.

Knight, Gitelson & Ashton and Alfred Gitelson for Respondents.

TRAYNOR, J.—On December 31, 1946, appellants contracted to reconstruct a building owned by respondents that had been damaged by fire. It was agreed that appellants were

to restore the building to the condition it was in immediately before the fire in accord with the original plans and specifications. Work was to begin within 15 days and to be completed within 180 days thereafter. Any dispute arising under the contract was to be submitted to arbitration. A dispute arose over the alleged failure of the appellants to perform the work according to the specifications and to finish it on time. Appellants denied these allegations and sought additional compensation under the contract for extra work performed. On September 2, 1947, the parties agreed in writing to submit their dispute to arbitration. Respondents and appellants each appointed one arbitrator and these two selected a third. All three were qualified architects. On November 19, 1947, the arbitrators rendered a unanimous opinion, finding that appellants had failed to conform to the specifications in several instances. After deducting the cost of the work necessary to remedy the defects from the balance due appellants under the contract, the arbitrators made an award of $6,966.45 to appellants. Pursuant to section 1287 of the Code of Civil Procedure, appellants petitioned the superior court for an order confirming the award. Respondents contested the petition and moved to vacate the award under sections 1288(c) and (d) of the Code of Civil Procedure. After a hearing on affidavits, the trial court found (1) that ''Said arbitrators were guilty of misconduct in that they based their award in a large part upon information procured ex parte from third persons, with no notice to the parties hereto that they intended to adopt such a procedure, and gave the parties hereto no opportunity to cross-examine such third persons'' and (2) that ''Said arbitrators so imperfectly executed their powers that a mutual, final and definite award, upon the subject matter submitted was not made, in that said arbitrators failed to pass upon respondents Barenfelds' claim for damages for delay in completing the building which was the subject of the controversy.'' The court entered an order vacating the award, and this appeal followed.

Appellants do not contend that the trial court's findings of fact are not supported by substantial evidence. They admit that those findings are supported by the evidence and are therefore conclusive on this appeal. The finality of the court's findings of fact cannot, however, be extended to the legal conclusions it derives therefrom, and if those conclusions are incorrect, as appellants assert, the judgment must be reversed.

The findings of the trial court do not support respond-

ents' broad assertions that they were denied notice and hearing. The court found only that the arbitrators had consulted ex parte with a third person as to a specific matter within the submission and that respondents were not present at that consultation. This finding lends no support to respondents' contention that they were wholly denied notice and hearing and that the trial court so found.

The evidence in fact clearly establishes that the arbitrators did hold informal hearings, at each of which the respondents were present and vigorously prosecuted their claims, presenting evidence in support thereof. Respondents' affidavits contradict their allegations that they were denied a hearing and indicate clearly that they were afforded ample opportunity to present their claims to the arbitrators. Although respondents allege that, as far as they know, the arbitrators never held any hearings, the evidence conclusively establishes that this allegation is untrue. Respondents' attorney, by letter to the arbitrators, suggested "that the arbitrators and the parties meet at the building involved and that the hearings be there held." Pursuant to this suggestion, the arbitrators made a tour of inspection of the building on September 23, 1947, at which time Abraham Barenfeld was present. Barenfeld states in his affidavit that, on that inspection, he accompanied the arbitrators and "From time to time as we walked through I would point out objections to various items in the building which had been either improperly constructed or not constructed at all by the petitioners." Another tour of inspection was conducted on October 9, 1947, Abraham Barenfeld being again present together with one of the Sapps. Both parties actively participated in the discussion of the alleged defects, and respondent "again stated various objections to the arbitrators that I had to the work of construction by the petitioners which I had not mentioned on their first visit." The arbitrators made a final tour of inspection on October 21, 1947. Jack Barenfeld admits that he was present at that time and "pointed out to them numerous items in the building which had been either improperly constructed or not constructed at all."

There is no evidence that any other hearings were held. There is clear and uncontradicted evidence, supported by the affidavits of the respondents, that these tours of inspection were for all purposes fair and effective hearings that placed no restriction upon respondents' opportunity to advance all

520

relevant claims. ■ Since respondents were present at each of the hearings and participated therein without objection, they cannot attack the award because no formal notice of hearing was given. ''If a party appears and participates without objection in arbitral proceedings . . . such party cannot later object to the award . . . on the ground that he did not have notice of the hearing . . . This is true, it was held, although formal notice of the hearing was expressly stipulated for in a submission agreement.'' (Sturges, Commercial Arbitration and Awards, § 152, pp. 382-383; *Tennessee Coal, Iron & R. Co.* v. *Roussell*, 155 Ala. 435 [46 So. 866, 130 Am.St.Rep. 56]; *Acme Lumber Co.* v. *Ruby*, 237 Mich. 314, 316 [211 N.W. 631]; *Mississippi Cotton Oil Co.* v. *Buster*, 84 Miss. 91 [36 So. 146, 147]; *Jacob* v. *Pacific Export Lumber Co.*, 136 Ore. 622, 639 [297 P. 848]; *Canuso* v. *Philadelphia*, 326 Pa. 302, 307 [192 A. 133]; see 6 Am.Jur., Arbitration & Award, § 104.)

■ Respondents, however, apparently contend that the tours of inspection were not valid hearings for the reason that they were not conducted with the formalities of a judicial hearing. This contention is exemplified by the affidavit of respondents' attorney ''That at all times concerned it was and now is your affiant's opinion that arbitrations are to be conducted in the same manner and with the same formalities, excepting only technical objections as to questions, that a trial in a court is required to be conducted.'' It has never been the law that arbitrations are subject to all rules of judicial procedure save those relating to the form of questions. ''The essence of arbitration is its freedom from the formality of ordinary judicial procedure.'' (*Canuso* v. *Philadelphia*, 326 Pa. 302, 307 [192 A. 133].) ■ All relevant evidence may be freely admitted and rules of judicial procedure need not be observed so long as the hearing is fairly conducted. The hearing may be in the nature of an informal conference rather than a judicial trial. (*Dana* v. *Dana*, 260 Mass. 460, 464 [157 N.E. 623]; *Modern System Bakery* v. *Salisbury*, 215 Ky. 230, 236 [284 S.W. 994]; *Jacob* v. *Pacific Export Lumber Co.*, 136 Ore. 622, 637, 645 [297 P. 848]; *Brodhead-Garret Co.* v. *Davis Lumber Co.*, 97 W.Va. 165, 169, 172 [124 S.E. 600].) ■ Respondents repeatedly stress the fact that witnesses were not sworn, but in the absence of express agreement there is no requirement that they be sworn. (*Matter of Silliman*, 159 Cal. 155, 158 [113 P. 135]; *Hano* v. *Isaac H. Blanchard Co.*, 199 N.Y.S. 227, 230.) ''Arbitration may or may not be a desirable substitute for trials in courts; as

to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid." (*American Almond Products Co. v. Consolidated Pecan Sales Co., Inc.,* 144 F.2d 448, 451.)

█ The disputed questions of fact were determined by the arbitrators on the basis of the claims and evidence adduced at the hearings. Having determined therefrom that the work in some respects did not conform to the specifications, the arbitrators, to determine the amount of the award, consulted ex parte with C. L. Weeks, a skilled cost appraiser, for an estimate of the labor and material cost of remedying the defects. They checked his estimate with several building supply firms and adopted it in making their award after this independent investigation. The award was the result of the arbitrators' own judgment, based, however, on information acquired in this manner.

There is no error in such procedure. █ Although a hearing is required on disputed questions of fact, arbitrators may inform themselves further by privately consulting price lists, examining materials and receiving cost estimates. (Sturges, Commercial Arbitration and Awards, § 217, p. 495.) This procedure may be ex parte, without notice or hearing to the parties, for "it is entirely proper for arbitrators, in a case requiring it, to obtain from disinterested persons of acknowledged skill such information and advice in reference to technical questions submitted to them, as may be necessary to enable them to come to correct conclusions, provided that the award is the result of their own judgment after obtaining such information." (1 Mechem, Agency, § 310, p. 229; *Omaha v. Omaha Water Co.,* 218 U.S. 180, 198 [30 S.Ct. 615, 54 L.Ed. 991]; *California Annual Conf. of M. E. Church v. Seitz,* 74 Cal. 287, 295 [15 P. 893]; *Dore v. Southern Pac. Co.,* 163 Cal. 182, 189 [124 P. 817]; *Simons v. Mills,* 80 Cal. 118, 120 [22 P. 25]; *Foster v. Carr,* 135 Cal. 83, 86 [67 P. 43]; *Rives-Strong Bldg., Inc. v. Bank of America,* 50 Cal.App.2d 810, 814-817 [123 P.2d 942]; *Gord v. Harmon & Co.,* 188 Wash. 134, 140 [61 P.2d 1294]; *Liggett v. Torrington Bldg. Co.,* 114 Conn. 425, 432 [158 A. 917]; *Koepke v. E. Liethen Grain Co.,* 205 Wis. 75, 77 [236 N.W. 544]; *Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc.,* 112 Colo. 155 [147 P.2d 828]; *Bangor Savings Bank v. Niagara Fire Ins. Co.,* 85 Me. 68, 76-77 [26 A. 991, 35 Am.St.Rep. 341].) It is immaterial whether the

subject of the appraisal is the only matter in dispute or is part of a broader submission. (*Gord* v. *Harmon & Co., supra*; *Hegeburg* v. *New England Fish Co.*, 7 Wn.2d 509 [110 P.2d 182] ; *Bangor Savings Bank* v. *Niagara Fire Ins. Co., supra*; Sturges, *supra*, § 217, pp. 495-498.) It is not true, as respondents assert, that the foregoing cases are distinguishable on the ground that the submission agreements contemplated that the arbitrators should be allowed to resort to these additional sources of information. An examination of these cases reveals that hearings on disputed questions of fact were expressly or impliedly required and were actually held. In each of these cases, however, resort to these additional sources of information was held to be authorized by the nature of the dispute, not by the terms of the submission agreement. (*Omaha* v. *Omaha Water Co.*, 218 U.S. 180, 198 [30 S.Ct. 615, 54 L.Ed. 991] ; *American Almond Products Co.* v. *Consolidated Pecan Sales Co., Inc.*, 144 F.2d 448, 450.) *Stockwell* v. *Equitable Fire & Marine Ins. Co.*, 134 Cal.App. 534 [25 P.2d 873], relied upon by respondents, is not controlling here. In that case, the failure to accord plaintiff a hearing was part of a fraudulent and collusive agreement between the arbitrators to undervalue plaintiff's property, and the award was vacated for that reason.

The arbitrators were chosen for their technical qualifications. As experts, they could determine construction costs from their own experience, or enlist the aid of a trained appraiser in determining the amount of the award. Respondents were not denied a hearing on any issue on which the law gives them a right to be heard.

█ As an alternative ground for vacating the award, the trial court found that it was not mutual, final, and definite because the arbitrators did not consider respondents' claim of damages for the delay in completion of the building. The failure to make an express finding in the award on that claim does not invalidate the award. ''There is no general rule that arbitrators must find facts and give reasons for their awards. In fact, the rule and general practice is to the contrary.'' (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228, 232 [174 P.2d 441] ; *Popcorn Equipment Co.* v. *Page*, 92 Cal.App.2d 448, 451-452 [207 P.2d 647] ; *In re Connor*, 128 Cal. 279, 282 [60 P. 862] ; *Dugan* v. *Phillips*, 77 Cal.App. 268, 278 [246 P. 566] ; *Bank of Coronado* v. *Shreve*, 51 Cal. App. 353, 357 [196 P. 787].) The dictum to the contrary in *Muldrow* v. *Norris*, 12 Cal. 331, 339, relied upon by respond-

ents, is no longer controlling in view of the foregoing decisions and is disapproved. The award is valid if it serves to settle the entire controversy. A decision simply that one of the parties should pay the other a sum of money is sufficiently determinative of all items embraced in the submission. (*Fulmore* v. *McGeorge*, 91 Cal. 611, 615-616 [28 P. 92]; *Dugan* v. *Phillips*, 77 Cal.App. 268, 278 [246 P. 566]; *Rice* v. *Hassenpflug*, 45 Ohio St. 377 [13 N.E. 655].)

 To prove the arbitrators' failure to consider the item of damage from the delay in completion, respondents introduced the affidavit of the arbitrator whom they had appointed, Maurice Fleishman. Appellants' contention that Fleishman's affidavit was inadmissible as tending to impeach his award cannot be upheld. Although an arbitrator cannot impeach the award by testifying to his fraud or misconduct, his testimony is admissible to show what matters were submitted for decision and were considered by the arbitrators. (*Giannopulos* v. *Pappas*, 80 Utah 442 [15 P.2d 353]; *Osborne* v. *Colvert*, 86 N.C. 170, 171; Sturges, Commercial Arbitration and Awards, § 365, p. 786.) The trial court found that the item had not been considered by the arbitrators in making their award. This finding, however, does not support the conclusion of the trial court that the award was invalid.

 Even though a party expressly asserts a lawful claim in the submission or raises it by the presentation of evidence to the arbitrators, the law does not guarantee that the claim will be allowed. Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action. (*Gerdetz* v. *Central Oregon Irr. Co.*, 83 Ore. 576, 580 [163 P. 980]; *Everett* v. *Brown*, 120 Misc. 349 [198 N.Y.S. 462, 465]; *Koepke* v. *E. Liethen Grain Co.*, 205 Wis. 75, 80 [236 N.W. 544].) The claim must be expressly raised at some time before the award. If it can only be implied from the facts alleged, the failure to consider it is only an error of judgment that in the absence of fraud or gross misconduct is not subject to judicial review. "Even if the omission to find as to those items was due to a mistake on the part of the arbitrators, nevertheless the omission was in effect a disallowance of those items, which became final and conclusive when the award was made and proper notice thereof given to the interested parties."

(*Koepke* v. *E. Liethen Grain Co.*, 205 Wis. 75, 80 [236 N.W. 544] ; *Carsley* v. *Lindsay*, 14 Cal. 390, 394; *Montifiori* v. *Engels*, 3 Cal. 431, 434; *Glesby* v. *Balfour, Guthrie & Co.*, 63 Cal. App.2d 414, 417 [147 P.2d 60].)

▮ The arbitration agreement in the present case did not expressly submit to the arbitrators the issue of damages resulting from delay in completing the building. Paragraph 5 of the construction contract required completion within 180 days, but made no provision for reduction of the total contract price or payment of liquidated damages in the event of a breach. The submission to arbitration stated only that ''Barenfelds contend that the said Sapps did not comply with the provisions of paragraph (5),'' without alleging damage suffered thereby. Proof that a contract has been breached is not sufficient to entitle a party to damages for the breach without proof that damage has been suffered. The arbitrators were not required to consider the item of damages for failure to complete the construction within 180 days unless they were presented with evidence upon which a computation of damages could be based. ▮ A party who asserts a claim in an arbitration proceeding must produce evidence in support of that claim; if he fails to do so, he cannot attack the award on the ground that the claim was not considered by the arbitrators. (*Montifiori* v. *Engels*, 3 Cal. 431, 434.) ▮ Although the undisputed facts show that they had ample opportunity, respondents failed at any of the several hearings to introduce any evidence of the loss of rental income which they now claim. The first time that the claim was expressly asserted was by the affidavits in opposition to the petition for confirmation of the award. Under these circumstances the determination of damages would be but a legal conclusion that the arbitrators might have drawn from the facts found. The failure to consider these damages cannot invalidate the award. (*In re Connor*, 128 Cal. 279, 281-282 [60 P. 862] ; *Carsley* v. *Lindsay*, 14 Cal. 390, 394.)

The order vacating the award and denying the application for confirmation of the award is reversed with directions to enter an order confirming the award.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.

SCHAUER, J.—Admittedly the evidence supports the trial court's findings of fact; those findings, reasonably construed

in favor of the judgment, adequately support it. By the rules of law which heretofore have generally been respected by appellate courts the judgment should be affirmed.

The opinion and judgment were modified to read as above on December 13, 1949.