FILED

NOT FOR PUBLICATION

NOV 18 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NATIONAL LIFE INSURANCE COMPANY; PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | No. 13-56796 |
| Plaintiffs-counter-defendants - Appellees, | D.C. No. 2:07-cv-03061-GW-SS |
| v. | MEMORANDUM* |
| LAWRENCE SAKS, M.D., | |
| Defendant-counter-claimant - Appellant. | |

| | |
|---|---|
| NATIONAL LIFE INSURANCE COMPANY; PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | No. 13-56901 |
| Plaintiffs-counter-defendants - Appellants, | D.C. No. 2:07-cv-03061-GW-SS |
| v. | |
| LAWRENCE SAKS, M.D., | |
| Defendant-counter-claimant - Appellee. | |

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
November 3, 2015—Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,[**] Chief District Judge.

Lawrence Saks appeals a jury verdict finding him liable for fraud and awarding National Life Insurance and Provident Insurance (NL/P) restitution for disability benefits and waived premiums that Saks wrongfully obtained. NL/P cross-appeals the jury's award to Saks on his counterclaim for breach of good faith and fair dealing, which the judge declined to vacate despite the jury's finding that Saks acted with unclean hands. We affirm.

1. The jury instructions erroneously stated that Saks could recover future benefits on his breach of contract claim and did not tell the jury that it could award future benefits on his breach of good faith claim. *See Erreca v. W. States Life Ins. Co.*, 19 Cal. 2d 388, 402 (1942); *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 n.7 (1979). This legal error was harmless, however, because the only

_____

[**] The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

2

damages to which the jury found Saks was entitled were for mental suffering related to NL/P's investigation of his claim, and we have no reason to believe the jury would have awarded Saks future damages for mental distress based on a claim investigation that occurred about six years before the trial. *See Chess v. Dovey*, 790 F.3d 961, 977 (9th Cir. 2015) (harmless error standard).

2. The district court did not err in instructing the jury on unclean hands. We reject Saks's argument that the jury improperly used the instruction as a "sword" to fulfill an element of NL/P's fraud claim; the jury could have properly determined that the evidence presented at trial applied to both the fraud verdict and the unclean hands finding. Furthermore, the judge declined to diminish Saks's award based on Saks's unclean hands, and we have no reason to believe that the jury applied unclean hands to reduce Saks's contract damages to zero.

3. The district court did not err in instructing the jury, in response to a juror question during deliberations, that the jury could find a breach of contract but still award zero damages. This statement was correct as a matter of California law. *See Sapp v. Barenfeld*, 34 Cal. 2d 515, 524 (1949). And the jury could have reasonably found, as it appears to have done, that NL/P breached its contract with Saks by not conducting a fair and thorough investigation of his disability claim, but

3

that Saks did not suffer any economic damages as a result because he was not entitled to benefits.

4. Saks is not entitled to reversal because the contract and fraud verdicts were inconsistent. We are required to "harmonize a jury's seemingly inconsistent answers if a fair reading allows for it." *Bains LLC v. Arco Products Co.*, 405 F.3d 764, 771 (9th Cir. 2005) (citation omitted). It is plausible that the jury found that Saks committed fraud because he was not disabled within the meaning of the policy, while still finding, as noted above, that NL/P breached its contract with Saks by mishandling his claim investigation. In any event, our law is clear that we may not "direct[] the trial court to grant a new trial due to inconsistencies between general verdicts." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003).

5. Saks has not met his heavy burden of showing that the fraud verdict was against the clear weight of the evidence. The jury could reasonably conclude from the evidence presented at trial that Saks was not disabled as defined by the insurance policies.

6. The district court did not err in denying Saks's motion for attorneys' fees. The damages awarded to Saks on his bad faith claim were not the benefits due under the policy, but were for mental suffering and emotional distress. Under

4

California law, "fees attributable to legal work relevant to establishing the existence and valuation of the emotional distress . . . suffered as a result of [an insurer's] bad faith" are not recoverable. *Cassim v. Allstate Ins. Co.*, 33 Cal. 4th 780, 811 (2004).

7. NL/P is not entitled to judgment on Saks's breach of good faith claim because of the jury's finding that Saks had unclean hands. The district court did not abuse its discretion in concluding that Saks's false statements and concealment of facts to increase his chances of receiving benefits did not sufficiently relate to NL/P's failure to properly investigate and consider Saks's claim *after* Saks's fraud came to light.

AFFIRMED.