## ACME LUMBER CO. v. RUBY.

1. ARBITRATION AND AWARD — STATUTES — PARTIES ENTITLED TO NOTICE OF FIRST MEETING AND SUBSEQUENT MEETINGS IF DATE CHANGED.

   In arbitration proceedings under 3 Comp. Laws 1915, § 13646 *et seq.*, each party should have notice of the first meeting, and if the meeting were adjourned without date, or the date was afterwards changed, they would be entitled to notice again.

2. SAME—WRITTEN NOTICE—NO PREJUDICE SHOWN FROM FAILURE TO SEND WRITTEN NOTICE.

   Where defendant in arbitration proceedings was present at the first meeting, objection that he failed to receive written notice of subsequent meetings is not well taken, in the absence of a showing that he was prejudiced thereby.

3. SAME — FAILURE TO CLAIM IRREGULARITY PRECLUDES RAISING QUESTION ON REVIEW.

   In arbitration proceedings to determine the amount owing plaintiff by defendant for lumber furnished for an apartment building, where the arbitrators had the delivery slips before them, but defendant made no request for them and failed to point out any irregularities therein, he is precluded from objecting, on review, that the arbitrators did not consider them.

4. SAME—CLAIM THAT ARBITRATORS REFUSED TO HEAR CHARGE OF USURY NOT ESTABLISHED.

   Defendant's objection that the arbitrators refused to hear his complaint that plaintiff's claim included a bonus or usurious interest charge, which would be good cause for setting aside the award, under 3 Comp. Laws 1915, § 13654, *held*, not established.

5. SAME—TEMPORARY ABSENCE OF ARBITRATOR NOT SHOWN TO BE PREJUDICIAL.

   That defendant was prejudiced by the temporary absence

---

[1]Arbitration and Award, 5 C. J. §§ 180, 181; 2 R. C. L. 379; 1 R. C. L. Supp. 516; 6 R. C. L. Supp. 92; [2]Id., 5 C. J. § 181; [3]Id., 5 C. J. § 524 (Anno); [4]Id., 5 C. J. § 525; [5]Id., 5 C. J. § 525 (Anno).

of one of the arbitrators will not be assumed, in view of the testimony of the other two that he was present at all meetings at which testimony was taken.

6. SAME—ARBITRATION PROCEEDINGS NOT CONDUCTED AS STRICTLY AS COURT.

Arbitration proceedings under 3 Comp. Laws 1915, § 13646 *et seq.*, are not intended to be conducted as strictly as proceedings in a common-law court.

Error to Wayne; Brown (William B.), J., presiding. Submitted October 6, 1926.    (Docket No. 23.)    Decided January 3, 1927.

Arbitration proceedings by the Acme Lumber Company against Joseph L. Ruby and another.    From an order confirming an award, defendants bring error. Affirmed.

*Leopold D. Mayer,* for appellants.

*Schmalzriedt, Frye & Granse,* for appellee.

BIRD, J.    After the Acme Lumber Company had furnished the lumber to construct a 35-apartment building in the city of Detroit for defendant Ruby, they fell into a disagreement as to the amount owing. They finally agreed to settle their differences by a statutory arbitration (3 Comp. Laws 1915, § 13646 *et seq.*).    Their agreement was in writing and provided for five arbitrators, but they finally went forward with only three.    The arbitrators heard the respective claims of the parties and their witnesses.    They found an award for plaintiff of $24,658.98.    When application was made for confirmation defendant filed exceptions.    These were heard and overruled.    Judgment was then rendered for the amount of the award. Defendant reviews the judgment by writ of error.

1. Defendant complains that he was given no written

⁶Arbitration and Award, 5 C. J. § 172.

notice of the meetings by the arbitrators as the arbitration agreement provided. It appears that there were at least ten meetings of the arbitrators. No written notice was given either party. The parties were both present at the first meeting. We think a fair construction of the arbitration provision is that each party should have notice of the first meeting, and if adjourned to a definite date the parties would thereby be advised of the subsequent meeting. If the meeting were adjourned without date, or the date was afterwards changed, the parties would be entitled to notice again. After the arbitration started it would be presumed that the parties would be interested enough in the proceeding to observe the adjourned day without further notice. There is some conflict in the testimony as to how many of the meetings .defendant attended, but it is fair to say that he was present at a majority of the meetings. He testified that he was not present at some of the meetings that he had notice of by telephone. It further appears that no testimony was taken at several meetings because neither Mr. Ruby nor Eli Greenblatt, his arbitrator, was present, and it appears that no testimony was taken in the absence of Mr. Greenblatt. Even if defendant were entitled to successive notices, he fails to point out how he was prejudiced by his failure to receive them. We think this objection is not well taken.

2. Defendant assigns error because the arbitrators did not consider the delivery slips and check them over. The defendant Ruby thought the slips were not before the arbitrators, but two of the arbitrators testified they were presented and marked as an exhibit. It is quite likely the arbitrators did not regard the slips as very important because the real controversy was whether certain lumber furnished was included in the original estimate or were to be charged for as extras. The testimony of the arbitrators shows that

Mr. Ruby made no request for the slips. He was at liberty to do this and to point out to the arbitrators anything irregular about them. His failure to do this will preclude his finding any fault at this time.

3. It is the claim of defendant Ruby that he attempted to call the attention of the arbitrators to a bonus or usurious interest with which he was charged in plaintiff's claim, but they refused to hear him. If this were established it would be just cause for setting aside the award, under section 9 of the act (§ 13654). But we are not impressed with this statement. Two arbitrators, one of whom was selected by defendant, testified that defendant Ruby had an opportunity to make any statement he chose, and that they did not refuse to hear him on the question of usurious interest or bonus, or any other question.

4. Defendant assigns error on the fact that "all the arbitrators did not meet together and hear all the proofs." This is based upon the testimony that Eli Greenblatt, one of the arbitrators, would sometimes leave the room where they were taking testimony, without any request to delay the proceedings, and step into his own room, which was adjoining, and remain there for a time. To what extent he did this and how long he remained away the record does not show. There were, doubtless, times in the taking of testimony when he could do this with propriety. It does not appear that anybody made any protest about his absence, or request that the proceeding be delayed until he returned, except in one instance, and then he was called in. In view of the testimony of arbitrators Stockwell and Cremer that Eli Greenblatt was present at all meetings at which testimony was taken, we cannot assume that Ruby was prejudiced by Greenblatt's conduct.

Some other objections are made, but we are not persuaded that they are well taken. Arbitration pro-

ceedings under this statute are not intended to be conducted as strictly as proceedings in a common-law court. There is no claim of fraud or partiality. It appears to us that the arbitrators made a good-faith effort to get at the facts and to arrive at a just verdict. The fact that they were only $800 apart on a $25,000 award we think is evidence of this.

We think the judgment should be affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.