GOZDOR v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. ARBITRATION AND AWARD—NATURE OF PROCEEDINGS.
   Arbitration hearings are generally not intended to be conducted
   as strictly as judicial proceedings.

2. ARBITRATION AND AWARD—EVIDENCE—ADMISSIBILITY OF EVIDENCE
   —WEIGHT OF EVIDENCE—ARBITRATOR'S DISCRETION.
   All questions as to the admission or rejection of evidence, as well
   as the credit due to evidence, and the inferences of fact to be
   drawn from it, are matters for the arbitrators to decide in the
   exercise of their honest judgment.

3. ARBITRATION AND AWARD—COURTS—RULES GOVERNING ARBITRA-
   TORS—PLEADINGS—EVIDENCE.
   The law has earnestly favored the settlement of disputes in
   tribunals selected by the parties themselves, and it is very
   averse to interference with the doings of such tribunals upon
   any technical grounds, or in any way implying a right in the
   ordinary courts to bind arbitrators to the nice rules of pleading
   and evidence or the principles or decisions which control the
   action of such courts.

4. ARBITRATION AND AWARD—RULES GOVERNING ARBITRATORS—EVI-
   DENCE.
   An arbitrator must be allowed to determine when more formal
   rules will be followed; therefore, an arbitration association rule
   that "conformity to the legal rules of evidence shall not be
   necessary" is not a mandatory prohibition against his following
   strict rules of evidence.

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 January 4, 1974, at Lansing.
(Docket No. 16617.) Decided March 6, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 2.
[2–4] 5 Am Jur 2d, Arbitration and Award § 122.

Complaint by John M. Gozdor against the Detroit Automobile Inter-Insurance Exchange and the American Arbitration Association for vacation of an arbitration award. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Peter Dozorc, P. C. (Robert H. Golden,* of counsel), for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Eric J. McCann),* for defendant Detroit Automobile Inter-Insurance Exchange.

Before: LESINSKI, C. J., and HOLBROOK and BASHARA, JJ.

BASHARA, J. Plaintiff appeals the lower court's upholding, by summary judgment, of an arbitration award declaring that no cause of action or claim against defendant exists under the uninsured motorist provisions of his policy.

This action arises out of an automobile collision in which a hit-and-run driver was involved in an accident with another vehicle, one of which was propelled after the collision into plaintiff's car. Filing under the uninsured motorists provisions of his policy, a dispute arose as to the value of the claim. Pursuant to the policy provisions, an arbitrator, selected by the American Arbitration Association, held a hearing.

The issue raised on appeal concerns the arbitrator's ruling during that hearing that strict rules of evidence would be followed. Plaintiff argues that § 20 of the rules of the American Arbitration Association, specifically the second to the last sentence, "the arbitrator shall be the judge of the relevancy and materiality of the evidence offered and conformity to the legal rules of evidence shall

not be necessary" requires that arbitrators not rely on the strict rules of evidence.

Arbitration hearings are generally not intended to be conducted as strictly as judicial proceedings. *Acme Lumber Co v Ruby,* 237 Mich 314; 211 NW 631 (1927). However, the scope of the arbitrator's authority is well stated in 5 Am Jur 2d; Arbitration and Award, § 122, p 610:

> "All questions as to the admission or rejection of evidence, as well as the credit due to evidence, and the inferences of fact to be drawn from it, are matters for the arbitrators to decide in the exercise of their honest judgment."

Support for this position is found in *Chicago & MLSR Co v Hughes,* 28 Mich 186, 189 (1873), in words which stand to this day:

> "[T]he law has earnestly favored the settlement of disputes in tribunals selected by the parties themselves, and it is very averse to interference with the doings of such tribunals upon any technical grounds, or in any way implying a right in the ordinary courts to bind arbitrators to the nice rules of pleading and evidence or the principles or decision which control the action or such courts."

Pursuant to this policy we affirm the lower court's determination that "shall not be necessary" is not a mandatory prohibition directed at the arbitrator. While we support the position that arbitration hearings should be as informal as possible, the arbitrator must be allowed the freedom to determine when more formal rules will be followed.

Absent a showing of fraud or lack of good faith on the part of the arbitrator, his determinations are binding.

Affirmed, costs to defendant.

All concurred.